### HASSINGER et v. KRAMER et.

Ohio Appeals, 5th Dist., Ashland Co.

No. 165. Decided Dec. 12, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

**639. INJUNCTION—191. Burden of Proof.**

1. Mere diminution in value of property, without irreparable mischief, will not furnish foundation for equitable relief authorizing granting of injunction.

2. Burden of proof rests with plaintiffs. Their rights to issuance of injunction must be established by affirmative proof of such character as to satisfy court of equity that claimed injuries to them are permanent, of substantial nature and that injunction is necessary for protection of property rights.

Appeal from Common Pleas.
Petition dismissed.

H. R. Smith, Wooster, and J. F. Henderson, Ashland, for Hassinger.

Clyde C. Sherick and H. E. Culbertson, Ashland, for Kramer et.

STATEMENT OF FACTS.

This case is here on appeal from the Common Pleas of Ashland County, and the ultimate relief prayed for by plaintiffs is for a permanent injunction against the defendants.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.
HOUCK, J.

The issues, as raised by the pleadings, present the following question to be determined in this law suit by the court: "Are the plaintiffs entitled to an injunction against the defendants preventing them from making certain changes in the public highway running through the premises of plaintiffs and certain of the defendants herein?" Keeping in mind that the defendants, by answer, have denied all of the material allegations of the petition of plaintiffs, it therefore follows that the burden of

proof rests with the plaintiffs to satisfy a court of equity that the allegations and statements contained in their petition have been established by sufficient proof.

It must be borne in mind that the remedy invoked here is that of injunction, which is summary and out of the ordinary and should never be granted save and except in cases for the prevention of great and irreparable injury or mischief. Before an injunction should be granted the injury must be so great as to be incapable of compensation in damages. If the injury is doubtful, eventual or contingent, equity will not enjoin.

It may be further stated that mere diminution in value of property, without irreparable mischief, will not furnish a foundation for equitable relief authorizing the granting of an injunction. The remedy by injunction being summary, peculiar and extraordinary ought not to be issued except for the prevention of great and irreparable mischief.

The evidence in this case, giving it to its most favored interpretation, does not disclose any injury to plaintiffs' land of substantial nature. It is trifling in character and the injury, if any, is so little as not to appeal to a court of equity. Helmers v. McCarthy, 6 Ohio App. 423; Reif Snyder v. Fertilizer Co., 9 Oh. App. 161.

The burden of proof rests with the plaintiffs. Their right to the issuance of an injunction must be established by affirmative proof on their part which must be of such a character as to satisfy a court of equity that the claimed injuries to them are permanent, of a substantial nature and necessary for the protection of their property rights.

Under the facts, equity will not grant the relief prayed for in the petition of plaintiffs. Further there is an utter failure of proof, on the part of plaintiffs, to warrant a court to grant the relief prayed for in the petition.

Hence, it follows that a judgment should be and now is entered in favor of the defendants and the petition of plaintiffs is dismissed.

(Shields, J. and Lemert, J., concur.)