THE STATE, EX REL. PAUL STUTLER, INC., *v.* YACOBUCCI, CLERK, ET AL.*

---

*Judgment affirmed, 169 Ohio St., 20.

(No. 4793—Decided April 30, 1958.)

*Messrs. Hershey, Hatch, Browne & Wilson,* for plaintiff.
*Mr. William Saxbe,* attorney general, *Mr. John M. Tobin,*
*Mr. John S. Ballard,* prosecuting attorney, and *Mr. Theodore
S. Price,* for defendants.

DOYLE, J. The state of Ohio, on the relation of Paul Stutler,
Inc., commenced in this court an action in mandamus, directed
against Frank Yacobucci, Clerk of the Court of Common Pleas
of Summit County, Ohio, and Stanley J. Bowers, Tax Commis-
sioner of the state of Ohio.

A demurrer was filed to the petition. In a hearing before
this court, on the demurrer, it was stipulated by the respective
parties that, in the event the demurrer should be sustained,
judgment may be entered against the plaintiff on the ground
that it would not plead further; in the event that the demurrer
should be overruled, the defendants will not file a formal an-
swer, because they admit here and now all of the facts pleaded
in the petition, as well as all of the exhibits attached thereto;
thereby submitting the case to the court for decision on the
merits.

The authority of the clerk of courts to issue certificates of
title to motor vehicles is given in Section 4505.01 *et seq.,* Re-
vised Code of Ohio.

The plaintiff pleads:

1. The official position of the defendants as Clerk of the Common Pleas Court of Summit County and as Tax Commissioner of the state of Ohio.

2. That the relator, on February 5, 1958, presented, to the clerk of courts (Yacobucci), an application for certificate of title to the following described motor vehicle: year, 1958; number of cylinders, 6; motor No., XL450-102883; make, Diamond T; manufacturer's serial No., 662 F 1071; body type, Tractor; model, 662 f; h. p., 45.9 (To this application were attached various exhibits, to which reference will be made later).

3. That the defendant clerk of courts refused to issue a certificate of title for the vehicle, unless the relator presented prepaid tax receipts by virtue of the provisions of Section 5739.03, Revised Code, or unless the relator submitted, with the application, payment of the tax to the said clerk of courts.

4. That it is the duty of the defendant clerk to issue the certificate requested without requiring payment, or evidence of the payment, of the sales tax or use tax when the transaction is not a retail sale, as defined in Section 5739.01, Revised Code, or the purpose of the purchase is not to use, store or consume personal property within the meaning of Section 5741.01, Revised Code.

5. That the transaction, as disclosed to the defendant clerk by relator's application and the exhibits appended thereto, is not subject to either the sales or use tax, by reason of the exemptions set forth in Section 5739.01 and Section 5741.01, Revised Code.

6. That the relator is informed and therefore avers that the defendant Stanley J. Bowers, as Tax Commissioner of the state of Ohio, has directed the defendant Frank Yacobucci, clerk of the Common Pleas Court, to refuse to issue a certificate of title "in transactions as above set forth."

7. That it has no adequate remedy at law.

Wherefore, plaintiff prays for a writ of mandamus, commanding and directing the defendant Frank Yacobucci, Clerk of the Court of Common Pleas of Summit County, Ohio, to issue to it a certificate of title to the motor vehicle described in its petition.

Facts gained from the exhibits attached to the petition and from the petition are:

(a) That the relator is an Ohio corporation with its principal place of business in Akron, Ohio.

(b) That the A. C. E. Transportation Company is a public utility—a certified motor common carrier of personal property holding state and national certificates of public convenience and necessity.

(c) That the relator, contemporaneously with its application for a certificate of title, presented to the clerk of courts a manufacturer's statement of origin showing that the truck was sold to the relator, and "was the first transfer of such new motor vehicle in ordinary trade and commerce."

(d) That there was presented to the defendant clerk a "unit certificate of exemption" signed by the relator, showing the vehicle "leased to A. C. E. Transportation Co., 395 Baird Street, Akron, Ohio, P. U. C. O. No. 7856R1."

(e) An affidavit of an officer of the relator company (the statements in which are admitted to be true) that an attached equipment lease agreement between the relator and the A. C. E. Transportation Co., Inc., existed for the motor vehicle in question, and that "it is the intent of the consumer to use the motor vehicle * * * solely and directly in the rendition of a public utility service."

(f) Receipt of the A. C. E. Transportation Co., Inc., for the equipment in question given to relator.

(g) A certification executed by A. C. E. Transportation Co., Inc., that "the articles of tangible personal property (the motor vehicle in question) * * * were leased under equipment agreement for public utility service. P. U. C. O. Number 3556RX."

1. We think it advisable to first dispose of the defendants' claims that an action in mandamus does not lie because the relator does, in fact, have an adequate remedy at law. It is asserted the remedy is as follows: "Relator can pay the use tax, and then apply for a refund under the provisions of Section 5741.10, Revised Code. This method would enable the relator to present to the clerk of courts evidence of payment of the tax and permit the clerk to issue the certificate of title. The merits

of relator's claim could then be determined by appeal from the final determination of the Tax Commissioner on the application for refund, to the Board of Tax Appeals as provided by Section 5717.02, Revised Code."

Mandamus is defined as "a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station." Section 2731.01, Revised Code. The clerk of the Court of Common Pleas is indeed an elected official against whom the writ may issue if the circumstances justify.

Cases are legion defining the rights of parties in mandamus proceedings, and, in applying Section 2731.01, Revised Code, courts have many times stated in effect that the "writ * * * will lie to compel the performance of an act specially enjoined by law as a duty resulting from a public office, but will not issue to control discretion unless it be clearly shown that the refusal to act is an abuse of discretion." *State, ex rel. Howell,* v. *Schiele, Treas.,* 153 Ohio St., 235, 91 N. E. (2d), 5, and cases cited at pages 237 and 238.

The Legislature has limited, however, an unrestrained use of the writ by the following regulation:

"The writ of mandamus must not be issued when there is a plain and adequate remedy in the ordinary course of the law." Section 2731.05, Revised Code.

We have, then, the question of whether "a plain and adequate remedy in the ordinary course of the law," exists, if the relator must pay for his license under protest, and then attempt to recapture his money by the circuitous and laborious procedure of applying to the Tax Commissioner for a refund, and, upon failure there, be compelled to file the various statutory appeals.

The "plain and adequate" remedy contemplated by the statute must be a remedy which itself enforces, in some way, the performance of the particular duty enjoined upon the clerk in some other legal proceeding, and not merely a remedy which in the end saves the party to whom the duty is owed from the wrongful loss of his money. Certainly, the remedy suggested by counsel for the defendants does not compel the clerk to per-

form a duty enjoined upon him. It secures only for the relator the repayment of money wrongfully extracted from him as a condition of performance by the defendant clerk.

In *State, ex rel. Merydith Const. Co.,* v. *Dean, Aud.,* 95 Ohio St., 108, at p. 123, 116 N. E., 37, Nichols, C. J., observed:

"The law in its modern conception must define an adequate remedy as one complete in its nature, beneficial and speedy."

And, cited in support thereof, is *Babcock* v. *Goodrich,* 47 Cal., 488, 508, which held that, when a suit in mandamus seeks to require a public officer to perform the duty imposed upon such officer by law, the relator has no adequate remedy at law, unless a legal remedy other than mandamus will require the officer to perform in effect the specific act which the law requires the officer to do.

In the instant case there is no tribunal which can force the clerk, in an action other than mandamus, to issue the relator a certificate of title to its motor vehicle without the payment of a tax.

We determine that relator has no other "plain and adequate remedy in the ordinary course of the law," and that mandamus is the proper action for the relief sought.

Compare: *State, ex rel. Emmich,* v. *Industrial Comm.,* 148 Ohio St., 658, 76 N. E. (2d), 710, and cases cited therein; 25 Ohio Jurisprudence, Mandamus, Section 33; 34 American Jurisprudence, Mandamus, Section 44.

2. We proceed now to other grounds of the demurrer.

Do the undisputed facts, which were made known to the clerk of courts upon the presentation of the relator's application for a certificate of title, show that the motor vehicle in question is subject to neither the Ohio sales tax, nor the Ohio use tax, because of statutory exemptions?

If it is exempted from the taxes, it was the duty of the clerk to issue a certificate of title. If it is not, the clerk carried out his duties in refusing to issue a certificate without payment of the tax, and cannot now be ordered to honor the application.

It is asserted by the plaintiff that:

(1) "The purpose of the relator-consumer was to resell the motor truck transferred to it in the form in which it was received by it."

(2) Assuming, however, that it did not consummate a sale of a motor vehicle to the carrier within the contemplation of the sales act, "then in that event the relator's purpose was to use the motor vehicle directly in the rendition of a public utility service."

It is claimed that under either one of the two grounds the law exempts the transaction from tax.

The exemption provisions of the Sales Tax Act (Section 5739.01 *et seq.*, Revised Code) and the Use Tax Act (Section 5741.01 *et seq.*, Revised Code) are substantially the same.

By virtue of Section 5739.01, Revised Code, a sales tax is not exacted when "(E) * * * the purpose of the consumer is: (1) To resell the thing transferred in the form in which the same is, or is to be, received by him;" or "(2) * * * to use or consume the thing transferred directly in the * * * rendition of a public-utility service * * *."

By virtue of Section 5741.01, Revised Code, a use tax is not levied when the purpose of the consumer is "(1) To resell the thing purchased in the form in which the same has been received by him;" or "(2) * * * to use or consume the thing transferred * * * directly in the rendition of a public-utility service * * *."

Plaintiff poses the following questions, which it claims are dispositive of the case:

"Was the purpose of the consumer-relator

"(a) To resell the motor vehicle within contemplation of the sales tax statute * * *? or

"(b) To use such motor vehicle directly in the rendition of a public utility service?"

Directing attention first to the posed question "a," we look to the part of the statutes which imposes a "sales tax," and which defines the Legislature's meaning of the word "sale" as used therein. Section 5739.01, Revised Code, reads:

"As used in Sections 5739.01 to 5739.31, inclusive, of the Revised Code:

"(A) * * *

"(B) 'Sale' and 'selling' include all transactions by which title or possession, or both, of tangible personal property, is or is to be transferred, or a license to use or consume tangible personal property is granted, for a consideration in any man-

ner, whether absolutely or conditionally, whether for a price or rental, in money or by exchange, and by any means whatsoever * * *.''

It appears to this court that the statutes involved are free from ambiguity, and, in interpreting them, we are not called upon to determine what the framers of the statutes would have done, had it been in their minds that a case like this one would arise. We are called upon to determine what in fact they did, without perhaps anticipating the possibility of a case of this character arising.

As we view the transaction before us, the equipment in question was ''sold'' by Paul Stutler, Inc., to the A. C. E. Transportation Co., in that it was leased to the A. C. E. Transportation Co., and possession transferred to it within the meaning of Section 5739.01, Revised Code, *supra*; and that the purchase of the equipment by the relator, Paul Stutler, Inc., was for the purpose of reselling ''the thing transferred in the form in which the same'' was to be received, Section 5739.01, Revised Code, under which circumstances a sales tax is not imposed.

In addition to the conclusions reached above, we are of the further opinion that, under Section 5741.01 *et seq.*, Revised Code, a use tax should not be imposed, because the purpose of the consumer is to use the equipment in the rendition of a public utility service.

From the uncontroverted facts before us, all of which were sufficiently brought to the official attention of the clerk of courts at the time of the application by the relator for a certificate of title, we determine that, inasmuch as the vehicle in question was subject neither to the Ohio sales or use tax, it was the duty of the clerk to issue a certificate of title for the vehicle without requiring payment of a tax.

A writ of mandamus will issue.

*Writ allowed.*

HUNSICKER, P. J., and STEVENS, J., concur.