THE STATE, EX REL. BROWN, ATTY. GEN., APPELLANT, *v.*
CITY OF CANTON ET AL., APPELLEES.

(No. 80-1159—Decided December 23, 1980.)

*Mr. William J. Brown,* attorney general, *Ms. Margaret A. Malone* and *Ms. Joan M. Cummings,* for appellant.

*Mr. Harry E. Klide,* law director, and *Mr. William J. Hamann,* for appellees.

*Per Curiam.* The standard of review applied by this court in mandamus actions is set forth in *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, at paragraph ten of the syllabus, as follows:

"The Court of Appeals is governed by the same rules that govern the Supreme Court with regard to its original jurisdiction in mandamus actions. On appeal as a matter of right from a judgment of a Court of Appeals in such an action, the Supreme Court will review the judgment of the Court of Appeals, as if the action had been filed originally in this court, to determine the following questions: (a) Is the respondent under a clear legal duty to perform an official act? (b) Is there a plain and adequate remedy in the ordinary course of the law? (c) Is the action, although labeled a proceeding in mandamus, in effect an action seeking an injunction?***."

Here, there is no question that the appellees are under a clear legal duty to fluoridate Canton's water system pursuant to R. C. 6109.20[3] and this court's determination in *Canton* v. *Whitman, supra.* Further, appellant herein seeks to compel appellees to perform their legal duty, rather than restrain them from doing an act in contravention of that duty. See *State, ex rel. Pressley,* v. *Indus. Comm., supra,* at pages

---

[3] At the time Canton was ordered to fluoridate its water system, R. C. 6109.20 was numbered R. C. 6111.13.

150-51. Hence, this action does not in effect seek an injunction.

Therefore, the only question on appeal is whether appellant has a plain and adequate remedy in the ordinary course of the law. The Court of Appeals ruled that appellant has such a remedy. We disagree.[4]

The Court of Appeals' determination that R. C. 6109.32 provides such a remedy is contrary to previous decisions of this court. R. C. 6109.32 authorizes the Attorney General to enforce orders of the director by an injunction. To enforce the order directing appellees to fluoridate Canton's water system would require a mandatory injunction. However, a mandatory injunction is an extraordinary remedy; hence, it is not a plain and adequate remedy in the ordinary course of the law. In *State, ex rel. Pressley,* v. *Indus. Comm., supra,* at paragraph six of the syllabus, this court stated:

"The extraordinary remedies of statutory mandamus and statutory mandatory injunction are not plain and adequate remedies in the ordinary course of the law and the availability of these extraordinary remedies in the Common Pleas Court is not a ground upon which the Supreme Court can adopt or adhere to a rule that it is error for the Supreme Court or the Court of Appeals to exercise jurisdiction in a mandamus action filed originally therein. (*Perkins* v. *Quaker City,* 165 Ohio St., 120; *State, ex rel. Selected Properties, Inc.,* v. *Gottfried,* 163 Ohio St. 469; *State, ex rel. Killeen Realty Co.,* v. *East Cleveland,* 169 Ohio St. 375; *State, ex rel. Riley Construction Co.,* v. *East Liverpool City School Dist. Bd. of Edn.,* 10 Ohio St. 2d 25, approved and followed.)"

Finally, this court must decide whether R. C. 6109.33,[5] which provides for civil penalties for violations of any order of

---

[4] The appellant argues that a writ of mandamus should be issued under R. C. 6109.16 even if there is a plain and adequate remedy in the ordinary course of the law. Since we hold that appellant has no such remedy, we need not decide that question.

[5] R. C. 6109.33 reads:

"Any person who violates section 6109.31 of the Revised Code shall pay a civil penalty of not more than ten thousand dollars for each violation, to be paid into the state treasury to the credit of the general revenue fund. The attorney general, upon written request by the director of environmental protection, shall bring an action for such penalty against any person who violates such section. Such action is a civil action, governed by the Rules of Civil Procedure and other rules of practice and procedure applicable to civil actions."

the director is a plain and adequate remedy in the ordinary course of the law. Notwithstanding our decision in *State, ex rel. Williams, v. Canton, supra,* that R. C. 6111.30,[6] an analogous section, was an adequate remedy, we find that R. C. 6109.33 does not provide such a remedy.

In reaching this decision, we must analyze what constitutes an "adequate remedy." This question was addressed in *State, ex rel. Paul Stutler, Inc., v. Yacobucci* (1958), 108 Ohio App. 41, affirmed, 169 Ohio St. 20, wherein the court, at page 46, stated that an "adequate remedy" means a remedy " 'complete in its nature, beneficial and speedy.' " (Quoting from *State, ex rel. Merydith Const. Co., v. Dean* [1916], 95 Ohio St. 108, 123.)

It is more than three years after this court's denial of mandamus relief in *State, ex rel. Williams, v. Canton, supra,* and the appellees still refuse to obey the order to fluoridate the city's water system. The fact that an analogous forfeiture provision was for three years unable to secure compliance with the director's order leads us to the conclusion that a civil penalty will not afford the appellant either a complete or a speedy remedy.

Since appellant has no plain and adequate remedy in the ordinary course of the law, he is entitled to a writ of mandamus. Therefore, the judgment of the Court of Appeals is reversed, and the writ is allowed.

*Judgment reversed and*
*writ allowed.*

W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and STILLMAN, JJ., concur.

CELEBREZZE, C. J., dissents.

STILLMAN, J., of the Eighth Appellate District, sitting for DOWD, J.

CELEBREZZE, C. J., dissenting. The writ of mandamus is an extraordinary remedy which is customarily granted with caution. The conditions which must exist to support the issuance of a writ of mandamus are, as recently stated in *State,*

---

[6] See fn. 1, *supra.*

*ex rel. Heller,* v. *Miller* (1980), 61 Ohio St. 2d 6, paragraph one of the syllabus, as follows:

"In order to grant a writ of mandamus, the court must find that relator has a clear legal right to the relief prayed for, that respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law. (*State, ex rel. Harris,* v. *Rhodes,* 54 Ohio St. 2d 41.)"

Since appellant has failed to demonstrate the lack of a plain and adequate remedy at law, I would, on the basis of this court's prior ruling in *State, ex rel. Williams,* v. *Canton* (1977), 51 Ohio St. 2d 81, deny the writ.

In *State, ex rel. Williams,* v. *Canton, supra,* this court held in a unanimous opinion that the director was not entitled to a writ of mandamus directing Canton to fluoridate its water supply, where he had a remedy by way of seeking the statutory fine against the offending municipal officials pursuant to R. C. 6111.30.

Similarly, I submit that appellant has a plain and adequate remedy at law through the analogous forfeiture provisions of R. C. 6109.33, which permit the imposition of significant civil monetary penalties against any person who violates an order of the director. Thus, in my view, R. C. 6109.33 furnishes appellant with an effective means of enforcing the orders of the director.

However, the majority assumes that the foregoing civil penalty concept is not an "adequate" remedy. I fail to see how the majority can so readily conclude that a civil penalty is not an effective remedy when the record before us is totally devoid of evidence of any legal proceeding in which a civil penalty was attempted to be imposed on any public official. I cannot conclude that a civil penalty is an inadequate remedy until there is some indication that it has been employed—and found to be ineffective.

For all the foregoing reasons, there is no clear legal right for the issuance of this writ and I would accordingly deny it.