ASSOCIATION FOR THE DEFENSE OF THE WASHINGTON LOCAL SCHOOL DISTRICT ET AL. *v.* KIGER, SUPT., ET AL.

[Cite as Assn. for the Defense of the Washington Local School Dist. *v.* Kiger (1989), 42 Ohio St. 3d 116.]

(No. 89-227—Submitted March 14, 1989—Decided April 26, 1989.)

*Wolery, Price & Hoover, R. Tracy Hoover* and *Mark W. Price,* for relators.

*Means, Bichimer, Burkholder & Baker Co., L.P.A., Richard W. Ross* and *Alan Lemons,* assistant prosecuting attorney, for respondents.

*Per Curiam.* The respondents' motion to dismiss is untimely and also ill-conceived because it argues the merits of relators' request for a writ of mandamus instead of attacking the sufficiency of the complaint. For purposes of a Civ. R. 12(B)(6) motion to dismiss, the material allegations of the complaint are taken as admitted. *State, ex rel. Alford,* v. *Willoughby Civil Serv. Comm.* (1979), 58 Ohio St. 2d 221, 223, 12 O.O. 3d 229, 230, 390 N.E. 2d 782, 785. Then, "[i]n order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted * * *, it must appear *beyond doubt from the complaint* that the plaintiff can prove no set of facts entitling him to recovery. (*Conley* v. *Gibson,* 355 U.S. 41, followed.)" (Emphasis added.) *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242, 71 O.O. 2d 223, 327 N.E. 2d 753, syllabus. Here, it does not appear "beyond doubt from the complaint" that relators can prove no set of facts entitling them to recovery. For that reason and because it is untimely, the motion to dismiss is overruled.

As to the motion for alternative writ, we find that relators' request "to compel the respondents to refrain from collecting or attempting to collect the assessment" is a request for an injunction. "A writ of mandamus compels action or commands the performance of a duty, while a decree of injunction ordinarily restrains or forbids the performance of a specified act." *State, ex rel. Smith,* v. *Indus. Comm.* (1942), 139 Ohio St. 303, 22 O.O. 349, 39 N.E. 2d 838, paragraph two of the syllabus. Here, relators' real purpose is to restrain collection of the fees. This court has no original jurisdiction to grant an injunction. *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, 40 O.O. 2d 141, 228 N.E. 2d 631, paragraph four of the syllabus. However, we grant the writ to compel respondents to issue the grades and credits of those who have not paid the fees.

R.C. 3313.642 authorizes boards of education to establish fees for "any materials used in a course of instruc-

tion" and to withhold grades and credits for nonpayment of such fees. However, from the language of respondent superintendent's announcement of January 6, 1989, quoted above, it appears that the fees in question are being assessed for the costs of administrative materials, not classroom materials. This conclusion is strengthened by another part of the announcement, which states:

"This materials/supply fee is in addition to other laboratory, workbook, and activity fees, etc., being assessed for science, industrial arts, art, weekly readers, etc."

Free public education is the rule in this state, fees the exception. R.C. 3313.48 requires boards of education to "provide for the free education of the youth of school age," and R.C. 3313.642 authorizes the aforementioned fees for classroom materials and attendant sanctions for nonpayment only as an exception to this free education requirement. Therefore, the exception ought to be strictly construed. *Kroff* v. *Amrhein* (1916), 94 Ohio St. 282, 114 N.E. 267. So construing it, we find from the evidence that the fees in question are not assessed for classroom materials in accordance with R.C. 3313.642 and, accordingly, hold that the authority to withhold grades and credits authorized by R.C. 3313.642 is not applicable to the fees in question.

We find no other authorization to withhold grades and credits in these circumstances. On the contrary, we find that R.C. 3319.32 requires the keeping of school records that show, among other things, the "studies pursued, the character of the work done and the standing of each pupil," that Ohio Adm. Code 3301-35-02(B)(4)(a) of the Ohio Department of Education's rules for minimum standards for elementary and secondary schools provides that "[r]eports of pupil progress shall be made to parents at established intervals," and that both R.C. 3313.61 and Ohio Adm. Code 3301-35-02(B)(7) require diplomas to be issued when curriculum requirements are met. Accordingly, we hold that respondents have a clear duty to issue grades and credits and relators who are parents have a clear right to receive them irrespective of the payment or nonpayment of the fees in question. Moreover, we can conceive of no other remedy for relators except mandatory injunction, which this court has stated is not a plain and adequate remedy in the ordinary course of law that will prevent issuance of a writ of mandamus. *State, ex rel. Pressley, supra,* paragraph six of the syllabus; *State, ex rel. Brown,* v. *Canton* (1980), 64 Ohio St. 2d 182, 18 O.O. 3d 401, 414 N.E. 2d 412. Therefore, relators have demonstrated the elements for a writ of mandamus to issue. *State, ex rel. Westchester Estates, Inc.,* v. *Bacon* (1980), 61 Ohio St. 2d 42, 15 O.O. 3d 53, 399 N.E. 2d 81.

We are mindful that a writ will not ordinarily issue to take effect prospectively. *State, ex rel. Home Care Pharmacy,* v. *Creasy* (1981), 67 Ohio St. 2d 342, 21 O.O. 3d 215, 423 N.E. 2d 482. However, in paragraph twelve of their complaint, relators stated:

"Some members of the [A]ssociation for the Defense of the Washington Local School District have failed and refused to pay assessments, and as a result, have not received grade reports for their children."

Although the relators' motion is for an alternative writ, R.C. 2731.06 permits a court to issue a peremptory writ "[w]hen the right to require the performance of an act is clear and it is apparent that no valid excuse can be given for not doing it." We hold the

present situation to be such a case and allow a peremptory writ in the first instance requiring respondents to issue any grades and credits withheld for nonpayment of the fees in question.

*Writ allowed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.