THE STATE, EX REL. CREDIT LIFE INSURANCE COMPANY, v. CITY OF SPRINGFIELD ET AL.

[Cite as State, ex rel. Credit Life Ins. Co., v. Springfield (1990), 49 Ohio St. 3d 270.]

(No. 88-2126—Submitted November 8, 1989—Decided March 14, 1990.)

*Vorys, Sater, Seymour & Pease,* *James P. Kennedy, C. William O'Neill* and *Arthur E. Phelps, Jr.,* for relator.

*Squire, Sanders & Dempsey, John R. Gall, David W. Alexander, Raymond D. Davis* and *Patrick J. Bonfield,* director of law, for respondents city of Springfield and its city officers.

*H. Marvin Felman,* for respondent Steve R. Rauch, Inc.

*Freund, Freeze & Arnold* and *Gordon D. Arnold,* for respondent Development Corporation of Springfield.

*Per Curiam.* We overrule the motion to dismiss and grant a peremptory writ of mandamus as requested by relator.

First, the city's motion to dismiss does not attack the company's brief,

but seeks to argue the merits of the case. We have previously disapproved of this use of the motion to dismiss in extraordinary writ cases. *Assn. for the Defense of the Washington Local School Dist.* v. *Kiger* (1989), 42 Ohio St. 3d 116, 537 N.E. 2d 1292. Accordingly, we overrule the motion to dismiss.

On the merits, we start, of course, from the familiar premise that a writ of mandamus will not issue unless the relator shows a clear legal right to relief, a clear legal duty of respondent to perform the requested act, and no plain and adequate remedy in the ordinary course of law. *State, ex rel. Berger,* v. *McMonagle* (1983), 6 Ohio St. 3d 28, 6 OBR 50, 451 N.E. 2d 225

The company first argues that R.C. 5709.43 clearly establishes Ordinance No. 81-441 as the pivotal document of this case, that the ordinance clearly obligates the city to first provide from the special fund for public parking spaces in the Core Block or adjacent blocks, and that the city has provided no such parking spaces.

The city argues that it cannot be held to the provisions of Ordinance No. 81-441 because that ordinance has been repealed by a series of subsequent amendments, and that to enforce it would uphold private constraints on the municipal legislative authority. The city also argues that even if the company's view is correct mandamus is yet inappropriate since the writ will issue only to enforce performance of a ministerial duty. Ordinance No. 81-441, it argues, is not specific about the number and location of parking spaces to be provided; therefore, its provisions must be discretionary, and mandamus will not issue to enforce a discretionary act.

We agree with the company's interpretation of these issues. The exemption from taxation under R.C. 5709.41 and payments in lieu of taxes authorized by R.C. 5709.42 are state matters. The taxes are state taxes, and the authority to abate them resides only with the General Assembly. Therefore, when R.C. 5709.43 states that "[m]oneys deposited in the urban redevelopment tax increment equivalent fund shall be used for such purposes as are authorized in the resolution or ordinance establishing the fund," the General Assembly is using the municipal resolution or ordinance as an instrument of its own policy. The clear expression of that policy is that expenditures from the fund shall be as provided in the resolution or ordinance creating it, *i.e.,* Ordinance No. 81-441. In arriving at this conclusion, we have reviewed the overall policy expressed in R.C. 5709.41, 5709.42, and 5709.43.

R.C. 5709.41 exempts from real property taxation improvements to municipally owned land leased to another and declared to be for a public purpose. Thus, the basic thrust of the section is state tax exemptions for public purpose improvements.

R.C. 5709.42 then permits a municipal corporation that has made such a declaration to require the owner of any structure to pay annual service payments in lieu of, and *in the same amount as,* the exempt taxes, but payable to the municipal corporation. From the taxpayer's viewpoint this section effectively repeals the tax exemption granted by R.C. 5709.41 and transforms it into a service payment. From a governmental viewpoint, it transfers the tax receipts from those who would have received them under general law — school districts, fire districts, the county, etc. — to the sole use and benefit of the municipal corporation. So far, the municipal corporation is the only beneficiary under the program.

R.C. 5709.43 then permits the

municipal corporation to establish a special fund to receive these annual service payments and *requires* money in the fund to "be used for such purposes as are authorized in the resolution or ordinance *establishing the fund.*" (Emphasis added.) To accept the city's argument that this language includes subsequent amendments to the original resolution or ordinance requires a construction that the only purpose of the three statutes is to effect an unrestricted transfer of real property tax revenues from the usual distributees to the city. Admittedly, this would be a proper interpretation of R.C. 5709.41 and 5709.42 alone because the annual service payments would be paid to the municipal general fund out of which any lawful expenditure could be made. However, it is not a proper interpretation when the special fund authorized by R.C. 5709.43 is established because that section restricts use of the fund to those purposes specified in the resolution or ordinance establishing it. To construe this limitation as including all subsequent amendments to the establishing resolution or ordinance would simply convert the special fund of R.C. 5709.43 into a mini-general fund out of which any expenditure could be made if provided for by subsequent amendment to the establishing resolution or ordinance. Such a construction would make R.C. 5709.43 meaningless because it would accomplish no more than R.C. 5709.41 and 5709.42 alone accomplish and would potentially deprive the lessee of any benefits held out by the ordinance establishing the fund. We do not subscribe to such a legislative intent. See R.C. 1.47(C).[4]

Accordingly, since Ordinance No. 81-441, the ordinance that established the special fund in this case, originally declared that moneys deposited into the fund would first be used for construction of a public parking facility in the Core Block or adjacent blocks, and none were, we hold that the company has established a clear right to relief and that the city has a clear duty to provide the relief, namely, public parking spaces in the Core Block or adjacent blocks.

The city's argument that mandamus will not issue because Section 2 of Ordinance No. 81-441 is nonspecific and therefore discretionary as to the number of public parking spaces to be provided would be correct if the city had provided any spaces. However, it has not, and under Ordinance No. 81-441, it has the duty to provide some.

In its motion to dismiss, the city argues that injunction would be an adequate remedy at law in this case that will prevent issuance of a writ of mandamus. However, the company's prayer for relief is essentially for mandatory relief under Ordinance No. 81-441, and we have held that mandatory injunction is not a plain and adequate remedy in the ordinary course of law. *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, 40 O.O. 2d 141, 228 N.E. 2d 631.

Accordingly, we allow the peremptory writ of mandamus and require the city to spend moneys from the special fund created under R.C. 5709.43 and Ordinance No. 81-441 for public parking spaces in the Core Block or any block adjacent to the Core Block, as set forth in Ordinance No. 81-441, before undertaking other expenditures. In so holding, we do not prescribe any specific number of spaces that must be provided, nor do we hold that the resolution or ordinance establishing a

---

[4] We are aware that references to statutes are generally held to include future amendments thereof. See R.C. 1.55. We hold, however, that R.C. 5709.43 is an exception to the general rule.

special fund under R.C. 5709.43 can never be amended to provide for additional expenditures. We do hold, however, that the declarations under the original such resolution or ordinance may be enforced by a writ of mandamus.

*Writ allowed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and RESNICK, JJ., concur.

H. BROWN, J., not participating.