**DAVIDSON, Appellee,**

v.

**BUCKLEW, Appellee.**

[Cite as *Davidson v. Bucklew* (1992), 90 Ohio App.3d 328.]

Court of Appeals of Ohio,
Trumbull County.

No. 91–T–4613.

Decided Nov. 9, 1992.

*Harrington Huxley Smith Mitchell & Reed* and *John T. Dellick,* for appellee.

*Richard D. Goldberg,* for appellant.

CHRISTLEY, Presiding Judge.

This appeal is from a decision of the Trumbull County Court of Common Pleas which enjoined an arbitration panel from reconvening and further enjoined the panel from making a determination as to prejudgment interest.

Appellant, Hampton Bucklew, was treated by appellee, J. Philip Davidson, D.P.M., a podiatrist, to remove calluses and bunions from appellant's feet. Complications arose and appellant threatened to bring a malpractice action. Apparently prior to the surgery, the parties entered into an "Agreement to Resolve Future Malpractice Claim by Binding Arbitration." A panel was agreed upon; the matter was heard before the panel on January 24, 1991; and, on February 14, 1991, the arbitrators returned an award in favor of appellant in the amount of $80,000.

The award was subsequently satisfied by appellee. The award was never submitted to the court of common pleas for confirmation. Thereafter, appellant requested the arbitration panel to reconvene in order to determine the issue of prejudgment interest under R.C. 1343.03(C). On April 30, 1991, appellee filed its action for declaratory judgment in the trial court. Appellee also requested the trial court to issue injunctive relief preventing the arbitration panel from reconvening. (The members of the arbitration panel were named defendants but are not participants in this appeal.)

On May 30, 1991, the trial court filed its judgment entry which granted appellee's requested relief by enjoining the arbitration panel from reconvening or considering the issue of prejudgment interest. It is from this decision that appellant now appeals raising the following assignments of error:

"1. The lower court erred in denying appellant's motion to dismiss appellee's complaint and motion for reconsideration in view that the appellee failed to state a claim upon which relief can be granted and the court lacked jurisdiction.

"2. The lower court erred in holding that the arbitration panel lacks the authority to consider the issue of prejudgment interest and thus erroneously interfered with the parties' contractual relationship."

In the first assignment of error, appellant alleges that the trial court erred in denying his motion to dismiss appellee's complaint and motion for reconsideration because appellee failed to state a claim upon which relief can be granted and the trial court lacked jurisdiction. We agree with appellant.

First, we think it is worth noting that this was an arbitration *contract,* as opposed to being mandated by statute. Thus, we believe it is particularly important that the parties' contractual commitment to arbitration should be honored.

█ Second, there is a very strong public policy argument favoring arbitration. Public policy favors and encourages arbitration, and "every reasonable intendment will be indulged to give effect to such proceedings and to favor the regularity and integrity of the arbitrator's acts." *Brennan v. Brennan* (1955), 164 Ohio St. 29, 57 O.O. 71, 128 N.E.2d 89, paragraph one of syllabus; *Findlay City School Dist. Bd. of Edn. v. Findlay Edn. Assn.* (1990), 49 Ohio St.3d 129, 551 N.E.2d 186; *Reynoldsburg City School Dist. Bd. of Edn. v. Reynoldsburg School Support Assn.* (June 4, 1991), Franklin App. No. 90AP–1233, unreported, at 6, 1991 WL 101599.

Clearly, seeking the intervention of the court as to whether an issue is arbitrable does not comport with the public policy favoring arbitration and removing such issues from the court. *Reynoldsburg, supra.*

Moreover, the language of this particular arbitration clause is very broad, very general. The arbitration clause in this case states:

"In the event of *any* dispute or controversy arising out of the diagnosis, treatment, or the care of the patient by the provider of medical services, the dispute or controversy shall be submitted to binding arbitration." (Emphasis added.)

Such a general clause essentially provides for unlimited arbitration of any and all disputes.

█ Further review of the contract indicates that the contract was prepared by appellee. Ohio law is clear that any ambiguity in a contract must be construed against the drafting party. *Kelly v. Medical Life Ins. Co.* (1987), 31 Ohio St.3d 130, 31 OBR 289, 509 N.E.2d 411; *Fairchild v. Regal Transp., Inc.* (Dec. 7, 1990), Trumbull App. No. 89–T–4242, unreported, 1990 WL 199108.

In the present case, appellee could have drafted the arbitration clause in a more limited manner but did not. Therefore, any ambiguity must be resolved in appellant's favor.

█ Moreover, injunctive relief, similar to a writ of mandamus or a writ of prohibition, should only be invoked when there is no adequate remedy at law. *Leaseway Distrib. Centers, Inc. v. Ohio Dept. of Adm. Serv.* (1988), 49 Ohio App.3d 99, 550 N.E.2d 955; see, also, *Parma v. State Emp. Relations Bd.* (C.P., Nov. 18, 1986), 1984–86 SERB 454.

In the instant situation, any action taken by the arbitration panel would be reviewable by the common pleas court when either a vacation or confirmation was sought. Further, "[i]njunction which is summary and out of ordinary should never be granted, save and except in cases for prevention of great and irreparable injury or mischief, and injury must be so great as to be incapable of compensation in damages." *Hassinger v. Kramer* (1927), 28 Ohio App. 449, 162 N.E. 752, paragraph two of the syllabus. Such a showing was not made here.

■ Jurisdiction for arbitration must come from one of two places: statutory provisions or common law.

Under R.C. 2711.10(D), the court of common pleas shall make an order vacating an award upon the application of any party to the arbitration if:

"The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." See *State Farm Mut. Ins. Co. v. Blevins* (1990), 49 Ohio St.3d 165, 551 N.E.2d 955, paragraph one of syllabus.

A review of R.C. Chapter 2711 reveals no provision which gives a trial court authority to enjoin an arbitration proceeding. While R.C. 2711.02 gives the trial court specific authority to *stay* its *own* proceedings until arbitration of the issues has taken place, the statute is silent concerning any authority to stay or enjoin *arbitration* proceedings. When statutory provisions are silent, we must look to the common law.

■ A review of the common law indicates that a trial court should not enjoin arbitrators from proceeding with an arbitration. *White v. Mann* (1897), 5 Ohio N.P. 376, 9 Ohio Dec. 407; *Cincinnati v. Trustees of Cincinnati S. Ry.* (1892), 6 Ohio C.C. 247, 258–260, 3 Ohio C.D. 438, 443–444;

Even if the issue to be arbitrated is improper, the court should not interfere. *Cincinnati,* at 259, 3 Ohio C.D. at 443. If the arbitrators proceed to adjudicate matters not covered by the arbitration agreement, under common law the award was void.

Although not directly addressing the issue, there is case law in which injunctive relief to enjoin arbitration was denied by the trial court and was upheld upon appeal for other reasons. *Standard Roofing Co. v. John G. Johnson & Sons Constr. Co.* (1977), 54 Ohio App.2d 153, 8 O.O.3d 281, 376 N.E.2d 610 (court refused to enjoin arbitration since movant could show no prejudice); *Twinsburg v. Bucky Arnes, Inc.* (Sept. 17, 1980), Summit App. No. 9677, unreported (the trial court denied the injunction and was affirmed by the appellate court without any specific reasoning on that point, and the trial court stayed the lawsuit pending arbitration); *Taft v. McDowell* (Aug. 9, 1979), Cuyahoga App. No. 39025,

unreported (the appellate court upheld the trial court's denial of a complaint seeking a permanent injunction due to complainant's full participation in the arbitration proceedings without objection up until the day prior to the actual hearing).

Thus, the trial court erred in denying appellant's motion to dismiss appellee's complaint and motion for reconsideration in that the appellee failed to state a claim upon which relief could be granted. The first assignment of error has merit.

In the second assignment of error, appellant contends that the arbitration panel lacked the authority to consider the issue of prejudgment interest and thus erroneously interfered with the parties' contractual relationship.

We do not find appellant's argument persuasive. We affirm the trial court's conclusion, but for altogether different reasoning.

In the present case, there is no judgment on which appellant can obtain prejudgment interest. There is an arbitration award which has been paid, but which has never been confirmed by the trial court.

■ R.C. 1343.03(C) provides for prejudgment interest. However, that statute only applies to interest on a *judgment,* and not to money rendered pursuant to a settlement. *Roen v. State Farm Mut. Ins. Co.* (Feb. 10, 1989), Portage App. No. 1988, unreported, at 8–9, 1989 WL 11266. In other words, an arbitration award which has not been confirmed is not a *judgment* from which prejudgment interest may arise.

Other courts have held similarly. *Griffith v. Buckeye Ins. Co.* (Sept. 29, 1987), Franklin App. No. 86AP–1063, unreported, 1987 WL 17805; *Barker v. Lightning Rod Mut. Ins. Co.* (Apr. 4, 1991), Franklin App. No. 90AP–1406, unreported, 1991 WL 47418. On the other hand, there is some authority indicating that prejudgment interest on an arbitration award could be within the trial court's discretion. *Davidson v. Higgins* (Mar. 31, 1992), Mahoning App. No. 90 C.A. 207, unreported, 1992 WL 73590. We do not find this latter view persuasive.

■ The question then becomes whether a party with a satisfied arbitration award may have it confirmed by a trial court. Research in this area indicates a conflict in the law. The Eighth District Court of Appeals determined in *Luby v. Safeco Ins. Co.* (Oct. 29, 1987), Cuyahoga App. No. 52874, unreported, 1987 WL 19250, that a party may not avail herself of the civil proceedings to confirm an arbitrator's award once it has been satisfied. However, the Seventh District Court of Appeals in *Davidson, supra,* held that an arbitrator's award which has been satisfied was still subject to the trial court's confirmation and judgment thereon.

We find the result in *Davidson* preferable since there are legitimate prospective applications which would be better served by having a judgment entry reflecting a satisfied arbitration award. However, as R.C. Chapter 2711 is silent to this matter, the Ohio legislature may find this area of the law worthy of its further attention.

We believe that the trial court (but not the arbitration panel itself) does have the discretionary power pursuant to R.C. 1343.03(C) to order prejudgment interest on a confirmed arbitration award. A judgment upon a confirmed arbitrator's award can be considered an order in a civil action not settled by agreement of the parties. As such, prejudgment interest could be applicable to such an action.

As we previously noted, there is no such confirmation by the trial court in the present case. Therefore, prejudgment interest was not available. Thus, the second assignment is without merit.

Based on the analysis in the first assignment, the judgment is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

HARSHA, J., concurs in judgment only.

NADER, J., dissents.

WILLIAM H. HARSHA III, J., of the Fourth Appellate District, sitting by assignment.

HARSHA, Judge, concurring in judgment only.

I concur in the judgment of the principal opinion. In Ohio it is the policy of the law to favor and encourage arbitration. Every reasonable intendment will be indulged to give effect to such proceedings and to favor the regularity and integrity of the arbitrator's acts. *Findlay City School Dist. Bd. of Edn. v. Findlay Edn. Assn* (1990), 49 Ohio St.3d 129, 131, 551 N.E.2d 186, 188; *Mahoning Cty. Bd. of Mental Retardation v. Mahoning Cty.* (1986), 22 Ohio St.3d 80, 84, 22 OBR 95, 98, 488 N.E.2d 872, 875. Arbitration is favored because it provides the parties with a relatively speedy and inexpensive method of conflict resolution and has the additional advantage of unburdening crowded court dockets. *Schaefer v. Allstate Ins. Co.* (1992), 63 Ohio St.3d 708, 712, 590 N.E.2d 1242, 1245.

In light of the foregoing policy, Ohio courts have held that an arbitration clause in a contract should not be denied effect by a court unless it may be said with positive assurance that the clause is not susceptible to an interpretation that

covers the asserted dispute, with any doubts to be resolved in favor of arbitration. *Gibbons–Grable Co. v. Gilbane Bldg. Co.* (1986), 34 Ohio App.3d 170, 517 N.E.2d 559.

Given the broad language in the arbitration contract here, *i.e.*, "In the event of *any* dispute or controversy arising out of the diagnosis [or] treatment * * * the dispute * * * shall be submitted to binding arbitration," I believe the matter was subject to arbitration. Accordingly, the trial court lacked jurisdiction to decide the issue of arbitrability.

Since our disposition of the first assignment renders the second assignment of error moot, it need not be addressed. See App.R. 12(C).

NADER, Judge, dissenting.

The lead opinion finds error in the denial of the motion to dismiss for failure to state a claim. This holding is based upon the public policy favoring arbitration, the belief that the arbitration contract is ambiguous, and the existence of an adequate remedy at law.

Appellee filed an action for declaratory judgment. In conjunction, appellee prayed for injunctive relief preventing the arbitration panel from reconvening. Clearly, the declaration of the rights of the parties to an arbitration agreement sets forth a proper claim for relief under R.C. Chapter 2711.

The lead opinion cites the strong public policy favoring arbitration and finds that pursuing declaratory relief violates this public policy. R.C. 2711.02, states:

" * * * the court * * *, upon being satisfied that the issue * * * is referable to arbitration * * *, shall * * * stay the trial of the action until arbitration of the issue has been had in accordance with the agreement * * *."

Accordingly, the public policy favoring arbitration is protected by R.C. 2711.02, when the trial court is satisfied that an issue is referable to arbitration. Case law construing R.C. 2711.02 holds that any doubts should be resolved in favor of arbitration. See, also, *State ex rel. Williams v. Belpre City School Dist. Bd. of Edn.* (1987), 41 Ohio App.3d 1, 9, 534 N.E.2d 96, 103, citing *McGinnis v. E.F. Hutton & Co., Inc.* (C.A.6, 1987), 812 F.2d 1011, 1013. The lead opinion would find such a doubt in the language of the arbitration agreement, which provides:

"In the event of any dispute or controversy arising out of the diagnosis, treatment, or the care of the patient by the provider of medical services, the dispute or controversy shall be submitted to binding arbitration."

The lead opinion finds that this language provides for essentially unlimited arbitration, and construes it against appellee, the maker of the arbitration agreement.

While the parties may contract for a determination of prejudgment interest through arbitration, there is no express authorization. In the absence of such an express authorization, R.C. 1343.03(C) must prevail, and the issue of prejudgment interest is not referable to arbitration.

*Springfield Local Assn. of Classroom Teachers v. Springfield Local School Dist. Bd. of Ed.* (1987), 37 Ohio App.3d 167, 525 N.E.2d 27, stands for the proposition that the arbitrability of an issue may be the proper subject of arbitration, if the parties so agree.

However, *Internatl. Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of America, Local 20 v. Toledo* (1988), 48 Ohio App.3d 11, 13, 548 N.E.2d 257, 260, states:

"It is unquestionably within the province of the court to decide whether a specific grievance is arbitrable. *United Steelworkers of America v. American Mfg. Co.* (1960), 363 U.S. 564, 570–571 [80 S.Ct. 1343, 1364–1365, 4 L.Ed.2d 1403, 1403] (Brennan, J., concurring). See, also, *AT & T Technologies, Inc. v. Communications Workers of America* (1986), 475 U.S. 643, 649 [106 S.Ct. 1415, 1418, 89 L.Ed.2d 648, 656]."

Additionally, *Vulcan–Cincinnati v. United Steelworkers of America* (1960), 113 Ohio App. 360, 17 O.O.2d 386, 173 N.E.2d 709, at paragraph two of the syllabus, states:

"In such case, in an action by the employee to enforce arbitration, the arbitrability of the dispute is a matter of law for the decision of the court, and not the arbitrator, where the agreement contains no express provision conferring such power upon the arbitrator, there is nothing in the agreement from which it could be implied, and the subject matter of the arbitration is definite." See *Franklin Cty. Sheriff's Dept. v. Fraternal Order of Police, Capital City Lodge No. 9* (1991), 59 Ohio St.3d 173, 176, 572 N.E.2d 93, 95, dissenting opinion by Holmes, J.; and *Tye v. Polaris Joint Vocational School Dist. Bd. of Edn.* (1988), 44 Ohio App.3d 76, 80, 541 N.E.2d 466, 469, dissenting opinion by Patton, J.

The proper forum to determine the arbitrability of prejudgment interest was the trial court, and the motion to dismiss was properly denied, as prejudgment interest was not referable to arbitration. Accordingly, I would affirm the trial court's action.

Prejudgment interest may not be granted upon an unconfirmed arbitration award, but the lead opinion also holds that an adequate remedy at law precludes injunctive relief. Instead, the arbitration panel should be allowed to consider the issue of prejudgment interest. If they erroneously grant prejudgment interest, then the award may be vacated under R.C. 2711.10. Thus, the majority finds there to be an adequate remedy at law.

The remedy is not an adequate one. *American Fedn. of State, Cty. & Mun. Emp., Ohio Council 8, Local 100, AFL–CIO v. Cleveland* (1990), 69 Ohio App.3d 128, 131, 590 N.E.2d 286, 288, states:

"However, we find that appellee had no plain and adequate remedy in the ordinary course of law. R.C. 2711.09 is not an ordinary remedy. R.C. Title 27 is specifically subtitled 'Special Remedies.' The courts of this state have concluded that other R.C. Title 27 remedies, including mandatory injunction and declaratory judgment, are extraordinary remedies which, standing alone, do not preclude mandamus. * * * "

*State ex rel. Brown v. Canton* (1980), 64 Ohio St.2d 182, 185, 18 O.O.3d 401, 403, 414 N.E.2d 412, 414, states:

"In reaching this decision, we must analyze what constitutes an 'adequate remedy.' This question was addressed in *State, ex rel. Paul Stutler, Inc., v. Yacobucci* (1958), 108 Ohio App. 41 [9 O.O.2d 107, 160 N.E.2d 300], affirmed [1959], 169 Ohio St. 20 [7 O.O.2d 487, 157 N.E.2d 357], wherein the court [108 Ohio App.], at page 46 [9 O.O.2d at 109, 160 N.E.2d at 303], stated that an 'adequate remedy' means a remedy ' "complete in its nature, beneficial and speedy." ' (Quoting from *State, ex rel. Merydith Const. Co., v. Dean* [1916], 95 Ohio St. 108, 123 [116 N.E. 37, 41].)"

Appellee must participate in an improper arbitration proceeding, share equally in its expense, R.C. 2711.23, and then move to have the order vacated. Appellee must subsequently avoid paying the panel, or recover this amount from appellant. Again, this remedy is not adequate. Countless times injunctive relief has issued in order to avoid the needless accumulation of damages by either maintaining the status quo during the pendency of an action, or enforcing the court's determination thereafter. The lead opinion's interpretation of an adequate remedy at law negates the trial court's ability to avoid unnecessary, and wasteful litigation.

Accordingly, I respectfully dissent.