OPINION
{¶ 1} Appellants, Kraftmaid Cabinetry, Inc., Masco Corp., and Joseph DeVito, appeal from that portion of the judgment of the Trumbull County Common Pleas Court, which denied their motion to dismiss and confirmed an arbitration award in favor of appellees. We affirm.
 {¶ 2} Appellees, Charlene and Ronald Champlin, sued appellants to recover damages for injuries Charlene Champlin sustained in an automobile accident. Appellants eventually admitted liability but the parties could not reach a settlement. The parties agreed to submit the matter to private, binding, arbitration, with a high-low agreement. That is, the minimum amount appellees would receive was $150,000 the maximum was $750,000. The arbitrators, who were unaware of this agreement, entered an award in favor of appellees for $725,000. Appellees demanded, received, and cashed a check in this amount.
 {¶ 3} Subsequently, on August 13, 2003, appellees moved the trial court to confirm the arbitration award pursuant to R.C. 2711.09. The trial court granted appellees' motion by entry filed August 19, 2003; however the clerk of courts failed to serve notice of the judgment entry on the parties as required by Civ.R. 58(B).
 {¶ 4} On August 21, 2003, appellants filed a brief opposing appellees' motion to confirm the arbitration, and a motion to dismiss. On August 26, 2003, appellants' moved for dismissal under Civ.R. 12(B)(1). Appellees opposed appellants' motion to dismiss and moved the court to strike appellants' motion, arguing the court lacked authority to do anything other than confirm the arbitration award.
 {¶ 5} On September 19, 2003, appellants moved for relief from judgment from the August 19, 2003 judgment confirming the arbitrators' award. Appellants argued they had not received notice of the judgment as required by Civ.R. 58(B). On October 7, 2003, appellees moved for leave to file a motion for prejudgment interest.
 {¶ 6} On May 6, 2004, the trial court ruled on the pending motions. The court granted appellants' motion for relief from judgment, denied appellants' motion to dismiss, confirmed the arbitration award, denied appellees' motion to strike, and denied appellees' motion for leave to file a motion for prejudgment interest (because the time period within which to file such a motion began to run from the date of the May 6, 2004 entry.)
 {¶ 7} Appellants filed a timely appeal from the trial court's May 6, 2004 judgment entry. Appellees then moved for prejudgment interest. Because this appeal was pending when appellees filed their motion for prejudgment interest, we stayed the trial court's proceedings on that motion pending resolution of this appeal.
 {¶ 8} Appellants present one assignment of error for our review:
 {¶ 9} "The [t]rial [c]ourt erred in confirming and entering judgment upon the arbitrators' award for the purpose of entertaining a motion for pre-judgment interest, because it was without subject matter jurisdiction to do so where (i) the sole purpose of the award was to finalize the financial terms of the parties' `high/low' settlement agreement (including any contribution of pre-judgment interest), and (ii) [a]ppellees had already accepted payment of the amount of the arbitration award `in settlement' of the case instead of seeking to vacate, modify or correct the award."
 {¶ 10} Appellants present four issues for our consideration under this assignment of error. The first concerns the propriety of a court confirming an arbitration award that has been paid. The other three question whether the trial court may award prejudgment interest under the facts of this case. As the trial court has not ruled on appellees' motion for prejudgment interest, the latter three issues are not ripe for our review and we do not address them. We concern ourselves with only the first issue, i.e.:
 {¶ 11} "When the parties in a lawsuit reach a settlement and comply with all the terms of the settlement agreement (including acceptance by the plaintiff of the `settlement check'), all issues in a case become moot, and a trial court no long[er] has subject matter jurisdiction to perform any further act other than to dismiss the case."
 {¶ 12} The Revised Code provides:
 {¶ 13} "At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and2711.11 of the Revised Code. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof."[1]
 {¶ 14} Appellants, relying on Luby v. Safeco Ins. Co.[2] argue a trial court is without authority to confirm an arbitration award that has been paid. We rejected the reasoning of Luby in Davidson v. Bucklew.[3]
There we stated, "* * * there are legitimate prospective applications which would be better served by having a judgment entry reflecting a satisfied arbitration award."[4]
 {¶ 15} Pursuant to R.C. 2711.09, the trial court was required to confirm the arbitration award upon appellees' motion. Appellants' assignment of error is without merit. We express no opinion as to whether the trial court may award prejudgment interest in this matter as that issue is not ripe for our review.
 {¶ 16} For the forgoing reasons, the judgment of the Trumbull County Common Pleas Court is affirmed.
O'Neill, J., O'Toole, J., concur.
[1] R.C. 2711.09.
[2] (Oct. 29, 1987), 8th Dist. No. 52874, 1987 Ohio App. LEXIS 9331.
[3] (1992), 90 Ohio App.3d 328.
[4] Id. at 334. Accord, J. Phillip Davidson, DPM, Inc. v. Higgins
(March 31, 1992), 7th Dist. No. 90 C.A. 207, 1992 Ohio App. LEXIS 1839, 4, ("Based on the mandatory language of R.C. 2711.09 * * *, the trial court erred in denying appellant's motion to reduce the arbitration award to judgment.); Woods v. Farmers Ins. of Columbus, Inc. (1995),106 Ohio App.3d 389, 39, ("The language of R.C. 2711.09 is mandatory, providing that a court `shall' grant a requested order confirming an arbitration award."); Carden v. Miami Hardware and Appliance Co., Inc.
(1996), 113 Ohio App.3d 220, 223, ("The language of these sections [R.C. 2711.09 and 2711.12] is mandatory and courts lack jurisdiction to deny a proper request to confirm an arbitration award.")