STATE ex rel. BILLINGSLEY et al.

v.

CITY OF CLEVELAND et al.

[Cite as *State ex rel. Billingsley v. Cleveland* (2001), 144 Ohio App.3d 163.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 79422.

Decided June 7, 2001.

*Sarah J. Moore,* for relators.

*Cornell P. Carter,* Law Director, and *Darryl A. Hines,* Chief Assistant Director of Law, for respondents.

PATRICIA ANN BLACKMON, Judge.

Relator John Billingsley has been employed as a Ground Maintenance Truck Driver II for the city of Cleveland's Division of Park Maintenance and Properties. "On or about March 28, 2000, [Billingsley] while in the scope and course of his employment * * *, was involved in a preventable accident." Complaint, paragraph 15. The city suspended Billingsley effective May 16, 2000.

Billingsley along with relator City, County and Waste Paper Drivers Union, IBT Local 244, ("the union") filed a grievance under the collective bargaining agreement ("CBA") between the city and the union. Ultimately, an arbitrator issued a ruling:

1. Sustaining the grievance.

2. Reinstating Billingsley with back pay (less a setoff for any earnings during the period) and benefits.

Under the CBA, the arbitration is "final and binding." Complaint, Tab B, CBA, at 38.

Relators request that this court compel respondents (the city, mayor, the Division of Payroll, and various administrative officials) to:

1. Reinstate Billingsley;

2. Pay full back pay and benefits to Billingsley;

3. Award interest on monetary amounts; and

4. Pay attorney fees.

By entry dated April 11, 2001, this court granted relators' application for alternative writ and ordered respondents to reinstate Billingsley or show cause why they are not required to comply. Respondents filed a reply to the show cause order and relators filed a response. Respondents also filed a motion to dismiss and relators filed a motion for summary judgment. For the reasons stated below, we deny respondents' motion to dismiss, grant relators' motion for summary judgment, and allow the writ of mandamus.

The fundamental criteria for issuing a writ of mandamus are well established:

■ "In order to be entitled to a writ of mandamus, relator must show (1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. National City Bank v. Bd. of Education* (1977), 52 Ohio St.2d 81 [6 O.O.3d 288], 369 N.E.2d 1200." *State ex rel. Harris v. Rhodes* (1978), 54 Ohio St.2d 41, 42, 8 O.O.3d 36, 37, 374 N.E.2d 641.

Of course, all three of these requirements must be met in order for mandamus to lie.

In *Am. Fedn. of State, Cty. & Mun. Emp., Ohio Council 8, Local 100, AFL–CIO v. Cleveland* (1990), 69 Ohio App.3d 128, 590 N.E.2d 286 ("*AFSCME*"), jurisdictional motion overruled (1991), 57 Ohio St.3d 705, 566 N.E.2d 170, an arbitrator had awarded an employee of the city of Cleveland back pay, benefits, and reinstatement to full-time employment. The employee and his union brought an action in mandamus in the court of common pleas to compel the city and its mayor to comply with the arbitrator's award. The court of common pleas ordered the respondents to reinstate the employee and "to pay him the value of lost benefits pursuant to the arbitrator's opinion and award." 69 Ohio App.3d at 130, 590 N.E.2d at 287.

This court affirmed the judgment of the court of common pleas and held that the arbitrator's award established that the relators had a clear legal right to relief and that the respondents had a clear legal duty to perform the requested acts. Likewise, this court rejected the respondents' arguments that there were other, adequate remedies in the ordinary course of the law. The *AFSCME* court specifically held that R.C. 2711.09, which authorizes the filing of an application for an order confirming an arbitration award, "is not an ordinary remedy." 69 Ohio App.3d at 131, 590 N.E.2d at 288.

"Opinions reported in the Ohio Official Reports * * * shall be considered controlling authority for all purposes in the judicial district in which they were rendered unless and until each such opinion is reversed or modified by a court of competent jurisdiction." S.Ct.R.Rep.Op. 2(G)(2). Respondents have not called this court's attention to any authority reversing or modifying *AFSCME*. Respondents argue, however, that *AFSCME* is not controlling in this action because, in *AFSCME*, the court of common pleas had denied respondents' motion to vacate the arbitration award and the appeal of that denial had been dismissed prior to the filing of the action in mandamus.

On April 6, 2001, respondent city filed an application to vacate arbitration award under R.C. 2711.10: *Cleveland v. City, Cty. & Waste Paper Drivers Union, Local No. 244, IBT*, Cuyahoga County Court of Common Pleas case No. CV–434593. The city filed the application to vacate arbitration award one week after relators filed the complaint in this action and one day after relators served the summons and complaint. Case No. CV–434593 remains pending.

Respondents contend that this court's exercising jurisdiction in this mandamus action "runs the risk of inconsistent rulings and outcome." Respondents' motion to dismiss, at 4. We disagree.

■ As noted above, a court determining an action in mandamus must consider whether the relator has a clear legal right to the relief requested, the respondent has a clear legal duty to act as requested, and an adequate remedy in the ordinary course of the law exists. In light of *AFSCME*, we are required to conclude that the pleading and the other material presented in this action demonstrate unequivocally that relators are entitled to relief in mandamus.

■ Proceedings under R.C. 2711.10 require the court of common pleas to examine the conduct of the arbitration process *per se*.[1] This action in mandamus,

---

1. R.C. 2711.10 provides:
    "In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:
    "(A) The award was procured by corruption, fraud, or undue means.

however, requires that this court examine the three criteria discussed above. As a consequence, we cannot conclude that the mere possibility that the court of common pleas might grant the application to vacate the arbitration award prevents this court from exercising jurisdiction in mandamus.

Nevertheless, we recognize that the court of common pleas has the authority to act on the application to vacate arbitration award. The judgment in this action is not, therefore, intended to restrict the court of common pleas from exercising the authority granted to it by the General Assembly under R.C. Chapter 2711 nor is it intended to limit or presage this court's exercise of its appellate jurisdiction in the event any party appeals the determination of the court of common pleas. See R.C. 2711.15. Rather, we observe that the issues addressed in a mandamus action are distinct from those examined in a proceeding under R.C. 2711.10.

Accordingly, respondents' motion to dismiss is denied and relators' motion for summary judgment is granted. Respondents are ordered to reinstate Billingsley with back pay (less a setoff for any earnings during the period) and benefits, and fulfill any additional requirements set forth in the February 12, 2001 Opinion and Award of Thomas R. Skulina, Arbitrator, case No. 00–012242. This court's determination of this action on the merits supersedes the prior granting of the application for alternative writ.

Respondents to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

*Writ allowed.*

TIMOTHY E. McMONAGLE, P.J., and MICHAEL J. CORRIGAN, J., concur.

---

"(B) There was evidence partiality or corruption on the part of the arbitrators, or any of them.

"(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

"(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

"If an award is vacated and the time within which the agreement required the award to be made has not expired, the court may direct a rehearing by the arbitrators."