WOODS, Admr., et al., Appellants,

v.

FARMERS INSURANCE OF COLUMBUS, INC., Appellee, et al.

[Cite as *Woods v. Farmers Ins. of Columbus, Inc.* (1995), 106 Ohio App.3d 389.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APE02–203.

Decided Sept. 19, 1995.

*Clark, Perdue, Roberts & Scott, Edward L. Clark* and *Glen R. Pritchard,* for appellants.

*Mazanec, Raskin & Ryder Co., L.P.A.,* and *Edward M. Ryder,* for appellee.

LAZARUS, Judge.

This case presents the issue of whether prejudgment interest pursuant to R.C. 1343.03(C) is available upon a judgment entered on an arbitration award pursuant to R.C. 2711.09. We hold that it is.

On November 8, 1992, Deborah C. Woods, the decedent herein, was killed as a result of the negligence of an uninsured motorist. On July 22, 1993, Kevin D. Woods, the administrator of Ms. Woods's estate, her children, Matthew S. and Christopher P. Smith, and her parents, Richard N. and Marion J. Governor, filed suit in the Franklin County Court of Common Pleas against the Governors'

insurer, Hamilton Mutual Insurance Co. (hereinafter "appellee"). Other claims and parties were joined, none of which are relevant to this appeal. On April 19, 1994, the trial court granted summary judgment in favor of the Governors, declaring that the uninsured motorist provision of the Governors' policy covered their wrongful death claims. The parties agreed to submit the issues of liability and damages to arbitration. On October 26, 1994, the arbitration panel awarded the Governors $175,000 each, and on November 8, 1994, the Governors collected the $350,000 and signed documents titled "Full and Final Release of All Claims and Demands and Trust Agreement," in which the Governors expressly reserved whatever rights they had to prejudgment interest on the arbitration award.

On November 22, 1994, the Governors applied to the court of common pleas for an order confirming the arbitration award and for a judgment entry thereon pursuant to R.C. 2711.09, and filed a motion for prejudgment interest on the arbitration award pursuant to R.C. 1343.03(C). The court denied both requests. Plaintiffs-appellants Richard and Marion Governor now appeal and raise the following two assignments of error:

1. "The trial court erred in denying plaintiffs Richard and Marion Governors' application to reduce their arbitration award to judgment by finding that plaintiffs may not avail themselves of R.C. 2711.09."

2. "The trial court erred in denying plaintiffs' motion for prejudgment interest and requests for an oral hearing."

R.C. 2711.09 provides:

"At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. *Thereupon the court shall grant such an order and enter judgment thereon,* unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code." (Emphasis added.)

R.C. 2711.12, redundant of R.C. 2711.09 as to confirmed arbitration awards, provides:

"*Upon the granting of an order* confirming, modifying, correcting, or vacating an award made in an arbitration proceeding, *the court must enter judgment in conformity therewith.*" (Emphasis added.)

We hold that a court does not have discretion under R.C. 2711.09 to deny a party's application for an order confirming an arbitration award, except when the award is vacated, modified, or corrected. Nor does a court have discretion under R.C. 2711.09 or 2711.12 to refuse to enter judgment in conformity with the order.

The language of R.C. 2711.09 is mandatory, providing that a court "shall" grant a requested order confirming an arbitration award. As stated in *State ex rel. Botkins v. Laws* (1994), 69 Ohio St.3d 383, 385, 632 N.E.2d 897, 900:

"It is axiomatic that when used in a statute, the word 'shall' denotes that compliance with the commands of that statute is mandatory unless there appears a clear and unequivocal legislative intent that it receive a construction other than its ordinary usage." See, *e.g.*, *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 658, 635 N.E.2d 331, 347–348 (noting effect of "shall" in R.C. 1343.03[C] ).

We are aware of no legislative intent, much less unequivocal legislative intent, that a court have some discretion in confirming or entering judgment on an arbitration award. While not expressly construing the mandatory language of R.C. 2711.09, the Supreme Court of Ohio in *Warren Edn. Assn. v. Warren City Bd. of Edn.* (1985), 18 Ohio St.3d 170, 172–173, 18 OBR 225, 226–228, 480 N.E.2d 456, 458–459, used R.C. 2711.09 as an example of mandatory language, contrasting the requirement that a court confirm an arbitration award when so requested with the limited circumstances in which an award can be vacated, modified, or corrected.

Our holding is consistent with that of the Seventh District Court of Appeals in *J. Philip Davidson, DPM, Inc. v. Higgins* (Mar. 31, 1992), Mahoning App. No. 90CA–207, unreported, 1992 WL 73590, and the dicta in *Davidson v. Bucklew* (1992), 90 Ohio App.3d 328, 333–334, 629 N.E.2d 456, 459. In *Davidson*, the trial court refused to enter judgment on an arbitration award won by a patient in a medical malpractice dispute. The court of appeals reversed, holding that the court of common pleas was without discretion to deny the requested judgment entry, even though the patient had collected the arbitration award.

We disagree with the reasoning of the Eighth District Court of Appeals in *Luby v. Saveco Ins. Co.* (Oct. 29, 1987), Cuyahoga App. No. 52874, unreported, 1987 WL 19250, in which the court held that a party that has collected fully on an arbitration award is not entitled to a judgment entry pursuant to R.C. 2711.09. The court in *Luby* reasoned that, because the purpose of the statute is to guarantee collection of the arbitration award, the awardee was not entitled to a judgment entry. We disagree because the statutory language is mandatory and because we are unwilling to presume that the statute serves no other purpose. See *Davidson, supra.* A judgment entry may serve an evidentiary function in other actions and, as we hold herein, may serve as the basis for an award of prejudgment interest. In the absence of unequivocal legislative intent to the contrary, we refuse to restrict the mandate of R.C. 2711.09. For the same reasons, we reject appellee's argument that appellants impliedly waived their right to prejudgment interest by accepting the arbitration award.

Appellants are entitled to an entry of judgment upon their arbitration award pursuant to R.C. 2711.09. The first assignment of error is sustained.

■ R.C. 1343.03(C), the prejudgment interest statute, provides:

"*Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties,* shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case." (Emphasis added.)

Before R.C. 1343.03(C) was enacted in 1982, prejudgment interest had a long but inconsistent history as a common-law right in Ohio. See Note, H. 189: A Legislative Expansion of Prejudgment Interest (1984), 10 U.Day.L.Rev. 229, 231–232. Cases in Ohio and elsewhere cite three rationales for prejudgment interest: (1) it is an element of compensatory damages, *Lawrence RR. Co. v. Cobb* (1878), 35 Ohio St. 94, 98–99; (2) it is restitution for the use of the principal award withheld from the time the injury accrued, *Hogg v. Zanesville Canal & Mfg. Co.* (1832), 5 Ohio 410, 424; and (3) it is an inducement to settlement, *Kalain v. Smith* (1986), 25 Ohio St.3d 157, 159, 25 OBR 201, 202–203, 495 N.E.2d 572, 573–574. See, generally, Annotation, Validity and Construction of State Statute or Rule Allowing or Changing Rate of Prejudgment Interest in Tort Actions (1985), 40 A.L.R.4th 147.

■ This case and the opinions in eight other Ohio cases that have addressed the availability of prejudgment interest on arbitration awards reveal four distinct preconditions, or requirements, for a hearing under R.C. 1343.03(C): "[1] [a] judgment, decree, or order for the payment of money [2] rendered in a civil action [3] based on tortious conduct and [4] not settled by agreement of the parties." Because all four requirements are satisfied in this case, the court of common pleas erred in denying appellants a hearing on the issue.

Prejudgment interest pursuant to R.C. 1343.03(C) is available only "on a judgment, decree, or order for the payment of money." By the plain meaning of R.C. 2711.09, a judgment entry on an arbitration award is a judgment for the payment of money.

The Supreme Court has emphasized many times the primary need to apply statutes by their plain meaning: "Courts do not have the authority to ignore the plain and unambiguous language in a statute in the guise of statutory interpretation." *State v. Krutz* (1986), 28 Ohio St.3d 36, 38, 28 OBR 96, 97, 502 N.E.2d 210, 211. "Absent ambiguity, a statute is to be construed without resort to a process

of statutory construction." *Ohio Dental Hygienists Assn. v. Ohio State Dental Bd.* (1986), 21 Ohio St.3d 21, 23, 21 OBR 282, 284, 487 N.E.2d 301, 303. "[W]hen a statute is free from ambiguity this court will not, under the guise of judicial interpretation, ' * * * delete words used or * * * insert words not used [within a statute].' " *State ex rel. Molden v. Callander Cleaners Co.* (1983), 6 Ohio St.3d 292, 294, 6 OBR 355, 356, 452 N.E.2d 1335, 1336. "It is axiomatic that an unambiguous statute means what it says." *Hakim v. Kosydar* (1977), 49 Ohio St.2d 161, 164, 3 O.O.3d 211, 213, 359 N.E.2d 1371, 1373.

We disagree with the opinion in *Vanderhoof v. Gen. Acc. Ins. Group* (1987), 39 Ohio App.3d 91, 92, 529 N.E.2d 953, 954–955, in which the court held that prejudgment interest was not available upon an R.C. 2711.09 judgment. The court in *Vanderhoof* "construe[d] the words 'judgment, decree, or order' to mean only a judgment, decree, or order that is based upon an adjudicated adversarial proceeding, wherein a jury or a trial court sitting as the fact finder determines the amount of money to be paid to the prevailing party." The court gave no justification for its authority to construe those words in other than their plain meaning, nor did it offer a rationale for the construction it chose.[1] We also note that the court's construction of the statute was not necessary to its decision denying prejudgment interest: the court said R.C. 1343.03(C) was unavailable to the claimant because the judgment entry was based on a settlement by the parties, a failure of the fourth requirement of R.C. 1343.03(C).

This court's decision in *Griffith v. Buckeye Union Ins. Co.* (Sept. 29, 1987), Franklin App. No. 86AP–1063, unreported, 1987 WL 17805, is consistent on this point. *Griffith* involved an "unliquidated claim," presumably a claim to an arbitration award that had not been reduced to an R.C. 2711.09 judgment. Without a judgment, there can be no prejudgment interest pursuant to R.C. 1343.03(C).

Finally, we reject appellee's argument that, even if the trial court had granted an R.C. 2711.09 judgment entry, the court would have been without jurisdiction to entertain an R.C. 1343.03(C) motion and that appellants would have been required to file a separate action against appellee. The prerequisite for an R.C. 1343.03(C) hearing is a "judgment, order, or decree," and an R.C. 2711.09 judgment suffices.

---

1. The court in *Vanderhoof* acknowledged that "[u]nder ordinary circumstances, such a journal entry would qualify as a judgment, decree, or order," but the court did not explain why "judgment" in R.C. 1343.03(C) was to be limited to judgments based upon adjudicated adversarial proceedings. Although the court otherwise appears to have based its decision on the statutory language "rendered in a civil action" or "not settled by agreement of the parties," the court stated that it was basing its decision solely on a construction of the statutory language "judgment, decree, or order." *Vanderhoof,* 39 Ohio App.3d at 92, 529 N.E.2d at 954–955.

We conclude that an R.C. 2711.09 judgment entry is "a judgment, decree, or order for the payment of money" within the meaning of R.C. 1343.03(C).

Prejudgment interest pursuant to R.C. 1343.03(C) is available only when the judgment was "rendered in a civil action." Appellee argues that an arbitration award is not "rendered in a civil action" when the parties have voluntarily submitted to arbitration. We disagree, but in doing so we need not decide whether arbitration *per se* is a "civil action." Rather, our decision on this point is based on the plain meaning of R.C. 2711.14, which states:

"The judgment entered in [a proceeding for an order confirming, modifying, correcting, or vacating an award made in an arbitration proceeding] shall be docketed as if rendered in an action. .

"The judgment so entered shall have in all respects the same effect as, and be subject to all laws relating to, a judgment in an action. Such judgment may be enforced as if rendered in an action in the court in which it is entered."

R.C. 2711.14 mandates that an R.C. 2711.09 judgment entry be given the same effect as a judgment rendered in an action—that is, a judgment "rendered in a civil action." Cf. *Evans v. Buckeye Union Ins. Co.* (Mar. 5, 1990), Mahoning App. No. 88CA–196, unreported, at 5, 1990 WL 25051 (holding that the definition of "action" in R.C. 2307.01 was satisfied by the proceedings in that case collectively: reduction of the arbitration award to judgment, levy and execution on property of the defendant insurance company, and hearing for prejudgment interest).

Our holding that an R.C. 2711.09 judgment is one "rendered in a civil action" is consistent with this court's decision in *Barker v. Lightning Rod Mut. Ins. Co.* (Apr. 4, 1991), Franklin App. No. 90AP–1406, unreported, 1991 WL 47418. In *Barker*, an arbitration panel rendered an award for the claimant against his insurer on an uninsured motorist claim, but the parties filed a written settlement agreement with the court of common pleas before the court ruled on the claimant's requests to reduce the award to judgment and grant prejudgment interest. On appeal, this court affirmed the denial of prejudgment interest on three grounds: (1) the arbitration award had not been reduced to judgment, a failure of the first R.C. 1343.03(C) requirement; (2) there was no "civil action" involving the courts because the parties had relied exclusively on arbitration and settlement, a failure of the second R.C. 1343.03(C) requirement; and (3) the parties had resolved their dispute by settlement, a failure of the fourth R.C. 1343.03(C) requirement.

We conclude that an R.C. 2711.09 judgment entry is a judgment "rendered in a civil action" within the meaning of R.C. 1343.03(C).

Prejudgment interest pursuant to R.C. 1343.03(C) is available only when the judgment was rendered in a civil action that is "based on tortious conduct." We hold that, for the purposes of R.C. 1343.03(C), a claim against one's insurer for uninsured motorist coverage is "based on tortious conduct."

Appellee argues that appellants' claims are, instead, contract claims because the claims arise from a contract—an insurance policy—to which they are parties. Appellee also argues that the fact that tortious conduct was a condition precedent to the contract claim does not alter the fact that the claim sounds in contract and not in tort. We agree that appellants' claims sound in contract and not in tort. However, both the statutory language and public policy suggest that R.C. 1343.03(C) is not limited to claims sounding in tort but, rather, encompasses a broader class of claims, those based on tortious conduct.

Had the General Assembly wanted R.C. 1343.03(C) to apply only in tort cases, it could have used the simpler phrase "tort action," rather than "civil action based on tortious conduct." Indeed, the phrase "based on tortious conduct" appears to be unique in the Revised Code to R.C. 1343.03. Elsewhere in the Revised Code, the terminology encompassing tort actions is less expansive: "tort action" in R.C. 2309.01(A), 2315.18, 2317.45(A)(1)(c), 2317.62(A)(3), and 2315.21(A)(1); liability "in tort" in R.C. 2307.31(A); and claims "arising out of" tort in R.C. 2117.06(A) and 2117.08.

A second reason why the phrase "civil action based on tortious conduct" in R.C. 1343.03(C) should include a claim against a claimant's insurer for uninsured motorist coverage is that the purpose of the uninsured motorist insurance statutes, R.C. 3937.18 to 3937.182, is to provide the claimant with the compensation for which the tortfeasor is liable. See *State Farm Auto. Ins. Co. v. Alexander* (1992), 62 Ohio St.3d 397, 400, 583 N.E.2d 309, 312. Because prejudgment interest is in the nature of compensatory damages, *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 656, 635 N.E.2d 331, 346 (quoting *Lawrence RR. Co., supra* ), the rule for prejudgment interest should be the same for both actions against the tortfeasor and actions against one's own insurer for uninsured motorist coverage.

Appellee argues to the contrary that only a tortfeasor or a tortfeasor's insurer can be subject to prejudgment interest under R.C. 1343.03(C) and that a claimant's own insurer cannot be subject to prejudgment interest based on the tortious conduct of someone who was a stranger to both the insurer and the claimant. It is true that, in discussing R.C. 1343.03(C), the Supreme Court has used the terms "tort action" and "tortfeasor" and similar language to refer to the action and to the defendant in R.C. 1343.03(C) cases. For example, the court has said that R.C. 1343.03(C) "was enacted to promote settlement efforts, *to prevent parties who have engaged in tortious conduct* from frivolously delaying the

ultimate resolution of cases, and to encourage good faith efforts to settle controversies outside a trial setting." (Emphasis added.) *Kalain, supra,* 25 Ohio St.3d at 159, 25 OBR at 202, 495 N.E.2d at 574. See, also, *Moskovitz, supra,* 69 Ohio St.3d at 658, 635 N.E.2d at 347. The court has also said that R.C. 1343.03(C) "authorizes an award of prejudgment interest in a tort action against a defendant who failed to act in good faith to settle." *Galayda v. Lake Hosp. Sys., Inc.* (1994), 71 Ohio St.3d 421, 428, 644 N.E.2d 298, 303; *Moskovitz, supra,* 69 Ohio St.3d at 658, 635 N.E.2d at 347.

We do not find these statements of the Supreme Court to be dispositive of the question of whether "based on tortious conduct" is broader than "in a tort action." It is clear from the context of the statement in *Kalain, supra,* that the court was not purporting to delineate the scope of the statute's applicability. Rather, the court was merely discussing the statute generally as an introduction to its holding defining "good faith effort to settle." In *Galayda, supra,* 71 Ohio St.3d at 427–429, 644 N.E.2d at 302–304, the court was considering only the constitutionality of the statute, and the court casually shifted between the terms "tortfeasor" and "defendant" when discussing a party liable under R.C. 1343.03(C). In *Peyko v. Frederick* (1986), 25 Ohio St.3d 164, 167, 25 OBR 207, 209–210, 495 N.E.2d 918, 921, the court referred to the parties under R.C. 1343.03(C) as "litigants." We do not find that the Supreme Court has spoken to this issue.

Although the variety of prejudgment interest statutes defies precise categorization, our review of prejudgment interest statutes in other jurisdictions reveals that five of the six courts faced with the issue have held that a claim for uninsured motorist coverage is a tort claim rather than a contract claim within the meaning of the state's prejudgment interest statute.[2]

In *Torres v. Kansas City Fire & Marine Ins. Co.* (Okla.1993), 849 P.2d 407, 413–414, the Supreme Court of Oklahoma held that a claim for uninsured motorist coverage was a claim "for damages by reason of personal injuries" within the meaning of the prejudgment interest statute. See, also, *Carney v. State Farm Mut. Auto. Ins. Co.* (Okla.1994), 877 P.2d 1113, 1114 (reaffirming *Torres* ).

---

2. The availability of prejudgment interest varies widely across the other fifty-one jurisdictions, including Puerto Rico and the District of Columbia. In twenty jurisdictions, the issue is irrelevant because their statutes apparently do not base the availability of prejudgment interest on a distinction between tort and contract actions. Of the nineteen jurisdictions in which availability of prejudgment interest depends on a distinction between tort and contract actions, seven jurisdictions have reported cases, which are discussed in the text; twelve have produced no reported cases. In four jurisdictions, plaintiffs in personal injury actions apparently are excluded from recovering prejudgment interest, and in eight jurisdictions, prejudgment interest is apparently a matter of common law.

In Louisiana, in *Brown v. S. Farm Bur. Ins. Co.* (La.App.1982), 426 So.2d 684, 689–690, the court held that a claim for uninsured motorist coverage was a claim "sounding in damages, 'ex delicto' " within the meaning of the prejudgment interest statute. See, also, *Burton v. Foret* (La.1986), 498 So.2d 706, 711–712 (citing *Brown* with approval).

In North Carolina, where by statute prejudgment interest was limited to noncontract claims covered by liability insurance, the court in *Ensley v. Nationwide Mut. Ins. Co.* (1986), 80 N.C.App. 512, 513–515, 342 S.E.2d 567, 568–569, held that a claim for uninsured motorist coverage was a tort claim and not a contract claim.

In Georgia, in *J.C. Penney Cas. Ins. Co. v. Woodard* (1989), 190 Ga.App. 727, 731–732, 380 S.E.2d 282, 286, the court held that a claim for uninsured motorist coverage was a tort claim within the meaning of the prejudgment interest statute.

In New York, where the prejudgment interest statute was available for wrongful death claims, the court in *Russo v. Kemper Group* (1989), 146 A.D.2d 701, 702–703, 537 N.Y.S.2d 200, 202, while not expressly deciding whether a claim for uninsured motorist coverage is a "wrongful death" claim, denied prejudgment interest on the sole ground that the insurer was not liable for any amount above the policy limit.

Tex. Civ. Code 5069-1.05(6) limits prejudgment interest to judgments "in wrongful death, personal injury, and property damage cases." The court and the parties in *Potomac Ins. Co. v. Howard* (Tex.App.1991), 813 S.W.2d 557, apparently presumed that the statute covered the claim for uninsured motorist coverage, and the court upheld a grant of prejudgment interest beyond the policy limit.

One court has even held that a state uninsured motorist compensation fund can be liable for prejudgment interest because the claim is based on tortious conduct. See *Douglas v. Hare* (1971), 32 Mich.App. 533, 535–537, 189 N.W.2d 114, 115; contra *Hodges v. Rodriguez* (1994), 435 Pa.Super. 360, 369–379, 645 A.2d 1340, 1345–1349.

In contrast to these cases, only one court has held that a claim for uninsured motorist coverage is a contract claim and not a tort claim for the purposes of prejudgment interest. In *Vasquez v. LeMars Mut. Ins. Co.* (Iowa 1991), 477 N.W.2d 404, 409, the court, having to choose between two prejudgment interest statutes, held that a claim for uninsured motorist coverage is a contract claim rather than a tort claim.[3]

---

3.  California appears to have anticipated this issue by phrasing its prejudgment interest statute so broadly as to make clear that an uninsured motorist insurer is potentially liable for prejudgment interest. Although there appears to be no reported case on point, Cal.Civ.Code Section 3291 provides for prejudgment interest after rejection of a settlement offer in "any

While in theory a claimant's cause of action in tort against the third-party tortfeasor may be distinct from a cause of action in contract against the claimant's own insurer for uninsured motorist coverage, the distinction is meaningless in the context of a claim for uninsured motorist coverage. We, therefore, conclude that a claim against one's insurer for uninsured motorist coverage is a claim "based on tortious conduct" within the meaning of R.C. 1343.03(C).[4]

■ Prejudgment interest pursuant to R.C. 1343.03(C) is available only when the judgment was rendered in a civil action that was "not settled by agreement of the parties." *Vanderhoof, supra,* 39 Ohio App.3d at 93–94, 529 N.E.2d at 955; *Barker, supra,* Franklin App. No. 90AP–1406, unreported, at 3, 1991 WL 47418. This case was not settled by the parties. After litigating the issue of coverage, the parties submitted the issues of liability and damages to arbitration, and the Governors asked the court of common pleas to confirm their arbitration award and enter judgment thereon.

■ We hold that prejudgment interest pursuant to R.C. 1343.03(C) is available upon a judgment entered on an arbitration award pursuant to R.C. 2711.09. In this case, all the requirements of R.C. 1343.03(C) were satisfied. The court of common pleas erred in denying appellants a hearing on the issue. The second assignment of error is sustained.

In opposing the availability of prejudgment interest upon entry of judgment on arbitration awards, appellee would have us vitiate the judicial policy of encouraging arbitration and settlement. If appellee's position were adopted, parties would be forced to choose between (1) litigating, thus maintaining the availability of prejudgment interest, and (2) arbitrating, in which case the parties would lose the opportunity to pursue prejudgment interest. One of the purposes of the statute is to encourage good-faith efforts to settle, and there is no reason to discriminate in this regard between cases in which a claim is finally resolved by arbitration and those resolved by litigation. As stated in *Evans, supra,* Mahoning App. No. 88CA–196, unreported at 5:

"[T]he prejudgment interest statute seeks to prevent a party from receiving a benefit where that party fails to make a good faith effort to resolve the matter.

---

action brought to recover damages for personal injury sustained by any person resulting from or occasioned by the tort of any other person."

**4.** The issue of whether an insurance company can be held liable under R.C. 1343.03(C) for prejudgment interest in excess of policy limits is not before this court. As to that issue, see *Phoenix Phase I Assoc. v. Ginsberg, Guren & Merritt* (1985), 23 Ohio App.3d 1, 4–5, 23 OBR 33, 36–37, 490 N.E.2d 634, 637–639; Annotation, Liability of Insurer for Prejudgment Interest in Excess of Policy Limits for Covered Loss (1994), 23 A.L.R.5th 75.

\* \* \* Obviously, this purpose is not served if a provision to arbitrate renders the statute inapplicable."

In *Ankney v. Nationwide Mut. Ins. Co.* (1992), 79 Ohio App.3d 555, 561, 607 N.E.2d 900, 903, the court stated:

"If the legislature saw a need to promote settlement efforts and prevent frivolous delays, the only proper implementation of this purpose is to have R.C. 1343.03(C) applicable to arbitration awards that have been reduced to judgment."

We note in conclusion that, of the four Ohio cases expressing a view contrary to our holding in this case, only *Luby* would have been decided differently under our holding. In *Luby,* the court held that, because the purpose of R.C. 2711.09 is to guarantee collection of arbitration awards, there is no right to a judgment entry, much less an opportunity for prejudgment interest, when the claimant has collected the award in full. In *Barker,* prejudgment interest was denied because there was no judgment entry and because the parties had settled; in *Griffith,* there apparently was no judgment entry but merely an "unliquidated tort claim"; and in *Vanderhoof,* prejudgment interest was denied because the parties had settled. Given the split of opinion in the courts of appeals, however, we agree that the issue of the availability of prejudgment interest upon arbitration awards warrants further attention by the General Assembly or the Ohio Supreme Court. See *Davidson, supra,* 90 Ohio App.3d at 334, 629 N.E.2d at 459–460; *Vanderhoof, supra,* 39 Ohio App.3d at 94–95, 529 N.E.2d at 956–957 (Resnick, J., concurring).

With this decision, we join the Third, Seventh, and Eleventh District Courts of Appeals in holding that (1) a common pleas court has no discretion under R.C. 2711.09 to deny a party's application for an order confirming an arbitration award except when the award is vacated, modified, or corrected, as expressed in the statute, and (2) prejudgment interest pursuant to R.C. 1343.03(C) is available upon a judgment entered on an arbitration award pursuant to R.C. 2711.09. See *Ankney, supra,* 79 Ohio App.3d at 559–560, 607 N.E.2d at 902–903; *Davidson, supra,* 90 Ohio App.3d at 333–334, 629 N.E.2d at 459–460; *Evans* and *Davidson, supra.*

For these reasons, both assignments of error are sustained, and the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law, consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

Petree and Tyack, JJ., concur.