OPINION
Plaintiff, Robert W. Setterlin Sons, dba RWS Building Company, entered into a construction contract with defendant, North Market Development Authority, Inc., to renovate the North Market in Columbus, Ohio. The contract contained a provision calling for all disputes between the parties to be submitted to binding arbitration. When a dispute regarding compensation arose between the parties, the matter was submitted to an arbitrator, who conducted a hearing on the dispute. After the hearing, the arbitrator rendered a decision awarding plaintiff $214,991.45. Defendant paid in full the amount awarded plaintiff.
Plaintiff filed an application to modify or correct the award in the Franklin County Court of Common Pleas, contending that the arbitration award contained certain errors and omissions. Plaintiff also sought an order confirming the award as modified. A hearing on plaintiff's application was held before a magistrate. Although the arbitrator testified at the hearing in support of plaintiff's contentions, the magistrate ultimately ordered the arbitrator's testimony stricken. Thereafter, the magistrate denied plaintiff's application, finding that none of plaintiff's requested modifications fell within the scope of R.C. 2711.11. The magistrate did not confirm the arbitration award because defendant had already paid the award amount in full.
Plaintiff filed the following five objections to the magistrate's decision: (1) the magistrate erred in disregarding the arbitrator's testimony; (2) the magistrate improperly concluded that the arbitrator did not intend to award prejudgment interest on the unpaid contract change orders; (3) the magistrate should have awarded prejudgment interest; (4) the magistrate improperly concluded that the Prompt Payment Acts allows the arbitrator to award attorney fees; and (5) the magistrate failed to confirm the award. The common pleas court overruled the objections and adopted the magistrate's decision. Plaintiff filed a notice of appeal and raises the following three assignments of error:
 1. The Trial Court erred when it failed to acknowledge the evident material miscalculations and mistakes admitted by the Arbitrator and failed to modify the award, pursuant to R.C. § 2711.11, to effect the Arbitrator's intent and promote justice. 2. The Trial Court erred when it allowed the Arbitrator to testify and then disregarded that undisputed testimony and ordered it stricken.
 3. The Trial Court erred when it concluded it did not have the authority to award attorney's fees under R.C. § 4113.61.
By the first assignment of error, plaintiff contends that the trial court erred when it failed to modify the award pursuant to R.C. 2711.11, which provides, as follows:
 In any of the following cases, the court of common pleas in the county wherein the award was made in an arbitration proceeding shall make an order modifying or correcting the award upon the application of any party to the arbitration if:
 (A) There was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award; (B) The arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted; (C) The award is imperfect in matter of form not affecting the merits of the controversy.The order shall modify and correct the award, so as to effect the intent thereof and promote justice between the parties.
Both parties agree that R.C. 2711.11(B) does not apply in this case. Arbitration awards are presumed valid and an appellate court may not substitute its interpretation of a contract provision for that of the arbitrator. MarraConstructors, Inc. v. Cleveland Metroparks Sys. (1993), 82 Ohio App.3d 557,562. "Ohio law recognizes that when parties agree to submit their disputes to binding arbitration, they have bargained for the arbitrator's determination concerning the issues submitted and agreed to accept the result regardless of its legal or factual accuracy." Id., citing Goodyear v. Local Union No. 200 (1975),42 Ohio St.2d 516. The trial court is limited by R.C. Chapter 2711, and may only confirm, vacate, modify or enforce an award.Lockhart v. American Res. Indus. Co. (1981), 2 Ohio App.3d 99. If an appeal is taken from an order confirming, modifying, correcting, or vacating an arbitration award, the review is confined to the order and the original arbitration proceedings are not reviewable. Id. at 101. A common pleas court is limited by the statutory grounds for vacation or modification. Id.
R.C. 2711.11(A) provides two possible justifications for modification: an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award. In the instant case, plaintiff sought two modifications of the arbitration order, asserting that they constituted evident material miscalculations and/or evident material mistakes in the description of any person, thing or property referenced in the award. In Rathweg Ins.Assoc., Inc. v. First Ins. Agency Corp. (Aug. 18, 1992), Montgomery App. No. 13184, unreported, the Second District Court of Appeals stated that any error must appear on the face of the arbitration award, and that reviewing courts may not review the evidence to determine whether an arbitration award is against the manifest weight of the evidence. The court further stated that the type of errors in an arbitration award that warrant correction by a trial court are those that appear on the face of the award and are of a nature that can be corrected without the use of factfinding, discretion, or judgment on the part of the trial court. Id. See, also, Montgomery Cty. Joint Vocational SchoolEmployees' Assoc., AFT/OFT Local 4575 v. Montgomery Cty. JointVocational School Bd. of Educ. (Jan. 19, 1993), Montgomery App. No. 13271, unreported.
The first requested modification concerned the retainage amount owed to plaintiff. Plaintiff contends that the last monthly application for payment showed that $76,700.50 was due, plus an additional $1,000 which was not requested in order to keep the claim open for arbitration, thereby demonstrating that $77,700.50 was due to plaintiff. The arbitrator awarded only $76,500. Although plaintiff deems erroneous the $76,500 figure, that figure is not the result of any evident material miscalculation of figures, nor does it constitute an evident material mistake in the description of any person, thing or property referred to in the award. As the magistrate noted, there was nothing arithmetical in the arbitrator's conclusion. Furthermore, since $76,500 plus $1,000 does not equal $77,700.50, it cannot be said that the arbitrator simply erred in calculating $1,000 plus $76,500. Because any error the arbitrator may have made in arriving at the retainage amount is not evident from the face of the award and cannot be corrected without the use of factfinding or judgment on the part of the trial court, we find that plaintiff's requested modification of the retainage amount falls outside the scope of R.C. 2711.11.
The second modification sought by plaintiff involved an item identified as "Change order #8, Item #4," and described as a change order a charge for the removal of excess dirt when new trees were planted. Plaintiff sought $650 plus an overhead charge of fifteen percent, for a total of $747.50. The arbitrator discussed the item at length in the award and specifically denied it. Although plaintiff asserts that the arbitrator should have granted its request for this item, the arbitrator's denial does not constitute an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award. As with the retainage issue, since any error the arbitrator may have made in denying this item is not evident from the face of the award and cannot be corrected without the trial court engaging in factfinding, we find that plaintiff's requested modification does not fall within the parameters of R.C. 2711.11.
Plaintiff also sought a modification pursuant to R.C.2711.11(C), asserting that the arbitration award is imperfect in matter of form not affecting the merits of the controversy because the arbitrator did not award prejudgment interest on the contract change order items. Prejudgment interest is available upon a judgment entered on an arbitration award. Woods v. Farmers Ins.of Columbus, Inc. (1995), 106 Ohio App.3d 389, 400. However, a satisfaction of judgment generally renders an appeal from that judgment moot. See Blodgett v. Blodgett (1990), 49 Ohio St.3d 243,245. Since prejudgment interest is considered separate from the judgment, courts may consider requests for prejudgment interest filed before a satisfaction of judgment. Fazio v.Meridian Ins. Co. (Apr. 9, 1998), Cuyahoga App. No. 73320, unreported; Physicians Diagnostic Imaging v. Grange Ins. Co.
(Sept. 24, 1998), Cuyahoga App. No. 73088, unreported. In the instant case, defendant paid in full the amount due under the arbitrator's award before plaintiff filed its application to modify or correct the award. Thus, because the judgment was satisfied before plaintiff filed its request for prejudgment interest, plaintiff's appeal of the issue is moot.
The instant case is clearly distinguishable from Woods,supra. In Woods, the appellants who requested prejudgment interest had expressly reserved their rights to prejudgment interest on the arbitration award when they collected the payment. In this case, however, there is no evidence that plaintiff expressly reserved its right to prejudgment interest when it collected the payment on the arbitration award.
For all the foregoing reasons, plaintiff's first assignment of error is not well-taken.
By the second assignment of error, plaintiff contends that the trial court erred when it allowed the arbitrator to testify and then disregarded that testimony and ordered it stricken. Citing Nester v. Nester (May 23, 1995), Franklin App. No. 94APF09-1359, unreported (1995 Opinions 2154, 2165), the magistrate found that once an arbitrator decides the submitted issues, the arbitrator's power expires unless the arbitration agreement provides otherwise. Accordingly, the magistrate found that because the arbitrator was not free to reconsider his decision, the arbitrator's testimony should not have been permitted and should be stricken. This issue is rendered moot by our finding that none of the modifications requested by plaintiff fall within the scope of R.C. 2711.11. Accordingly, plaintiff's second assignment of error is not well-taken.
By the third assignment of error, plaintiff contends that the trial court erred when it concluded that the arbitrator could award attorney fees under R.C. 4113.61, Ohio's Prompt Payment Act. R.C. 4113.61 authorizes the granting of prejudgment interest and attorney fees when a contractor fails to pay an application for payment in compliance with R.C. 4113.61.
Plaintiff requested and was awarded eighteen percent interest upon the retainage amount pursuant to R.C. 4113.61. Plaintiff, however, did not request attorney fees from the arbitrator. Plaintiff contends that it did not request attorney fees from the arbitrator because only the trial court has the authority to award attorney fees. In support of this argument, plaintiff relies on R.C. 4113.61, which provides, in pertinent part, as follows:
 (B)(1) If a contractor * * * has not made payment in compliance with division (A)(1), (2), (3), (4), or (5) of this section within thirty days after payment is due, a subcontractor * * * may file a civil action to recover the amount due plus the interest provided in those divisions. If the court finds in the civil action that a contractor * * * has not made payment in compliance with those divisions, the court shall award the interest specified in those divisions, in addition to the amount due. Except as provided in division (B)(3) of this section, the court shall award the prevailing party reasonable attorney fees and court costs. (2) In making a determination to award attorney fees under division (B)(1) of this section, the court shall consider all relevant factors, including but not limited to the following: (a) The presence or absence of good faith allegations or defenses asserted by the parties; (b) The proportion of the amount of recovery as it relates to the amount demanded; (c) The nature of the services rendered and the time expended in rendering the services.(3) The court shall not award attorney fees under division (B)(1) of this section if the court determines, following a hearing on the payment of attorney fees, that the payment of attorney fees to the prevailing party would be inequitable.
Plaintiff argues that since the statute makes reference to the "court" awarding reasonable attorney fees, only the court has authority to grant attorney fees. This argument is disingenuous, however, given that the same section, if read as plaintiff would have it read, would allow only a court to award prejudgment interest. However, plaintiff does not contest the authority of the arbitrator to award the prejudgment interest he awarded pursuant to R.C. 4113.61. We find that in addition to prejudgment interest, an arbitrator also has the authority to award attorney fees in the appropriate circumstances pursuant to R.C. 4113.61.
Furthermore, an award of attorney fees under R.C.4113.61(B)(1) is not mandatory. Consortium Communications v.Cleveland Telecommunications, Inc. (Feb. 10, 1998), Franklin App. No. 97APG08-1090, unreported (1998 Opinions 273, 281). The trial court found such an award inappropriate in this case. We find no reason to disturb the trial court's finding on this issue. Accordingly, the third assignment of error is not well-taken.
For the foregoing reasons, plaintiff's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
LAZARUS, P.J., and DESHLER, J., concur.