OPINION
Defendant-appellant, Marylee Gill Sambol, appeals from a confirmation, by the Montgomery County Court of Common Pleas, of an arbitration award rendered against her. Sambol contends that the trial court erred by failing to conduct an oral hearing prior to confirming the award, and by granting interest on the award to run from the date of the award.
We conclude that the trial court, in this instance, did not err by failing to hold a hearing since Sambol's claim of a settlement agreement was belied by events happening in the presence of the trial court at the time that the agreement was allegedly entered into, and any opposition to the confirmation of the award had been withdrawn when Sambol voluntarily paid it. Furthermore, we conclude that the trial court correctly granted interest on the arbitration award, to run from the date of the award.
However, plaintiff-appellee Joseph W. Walker concedes error with respect to the extent of the interest ordered. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for reconsideration of the extent of the interest on the arbitration award.
 I
In 1997, Walker filed a complaint against Sambol in the Montgomery County Court of Common Pleas. The complaint alleged that Walker and Sambol, both of whom are attorneys-at-law, had entered into an agreement regarding their joint representation of numerous clients.[1] The complaint further alleged that, upon completion of the representation, Sambol had collected fees from the clients, but had failed to distribute any of the proceeds to Walker.
At some point, the matter was referred for arbitration by the Dayton Bar Association Committee for Resolution of Fee Disputes and Law Firm Dissolutions and Withdrawals. On November 19, 1999, following three days of hearings, the arbitration panel awarded Walker the sum of $1,057,000 as his portion of the fees collected by Sambol.
Thereafter, on November 22, 1999, Walker filed an application with the trial court for an order confirming the arbitration award. On December 14, Sambol filed an objection to the application and a motion to modify the award pursuant to R.C. 2711.10(A), which permits the modification of an award upon a showing of an "evident material miscalculation." In the motion, Sambol claimed that approximately $575,000 of the amount awarded to Walker was held in an untaxed escrow account. However, she claimed that with regard to the remaining $300,000 awarded to Walker, she had already paid approximately $150,000 in taxes. She further argued that upon contacting the arbitrators, they indicated that they did not intend for her to "remit $300,000 to Mr. Walker when she only received approximately $150,000 net of tax therefrom."
The trial court set the motions for a hearing date for December 22, 1999. However, according to the trial court's decision in this case, no hearing was held on that date because Sambol's attorney informed the court, in chambers, that Sambol intended to satisfy the award.
The attorneys for both parties apparently held a meeting on that date with the court, in chambers and without the presence of their clients, to discuss settlement. The exact result of this discussion is not clear from the record before us. However, it appears that the attorneys for the parties agreed that on or before December 31, Sambol would tender a cash sum to Walker's counsel (so that Walker could defer realization of income until calendar year 2000). The attorneys also agreed that shortly after the end of the year 1999, counsel for both parties were to meet and transfer all funds held in the escrow account to Walker. Finally, the attorneys agreed that upon completion of payment by Sambol and transfer of the escrow account, Walker would submit a joint pleading to Sambol's counsel that would evidence payment of the award and provide for the withdrawal of all pending motions and termination of the lawsuit.
At the end of the meeting, the trial court signed an Entry Confirming the Arbitration Award and Entering Judgment and gave it to Walker's counsel, with the proviso that it was to be filed only if Sambol failed to comply with the terms of the agreement. However, after the meeting, Walker immediately conferred with his attorney and instructed him to file the judgment entry, thereby refusing to agree to the terms discussed in chambers. Walker's counsel informed Sambol's counsel that Walker wanted the entry filed, and returned the judgment entry to the Court.
On January 18, 2000, Sambol filed a motion to enforce the terms of the settlement agreement, which she claims was reached on December 22, 1999. On July 28, 2000, the trial court entered a Decision and Entry wherein it found that the parties had failed to reach a settlement agreement on December 22, 1999, that Sambol's pending motion to modify the arbitration award had been rendered moot by her payment of the award, and that Walker was entitled to an order confirming the arbitration award. In its Judgment Entry filed the same day, the trial court stated:
 The Court finds the application [for confirmation] to be well taken and pursuant to ORC 2711.09 hereby confirms the award and enters judgment in favor of Plaintiff Joseph W. Walker and against Defendant Marylee Gill Sambol in the amount of $1,057,000 plus interest at the rate of ten percent per annum (10%) from the day of the award.
From this decision and judgment, Sambol appeals.
 II
Sambol's Second Assignment of Error states as follow:
 THE TRIAL COURT ERRED BY REFUSING TO ENFORCE A SETTLEMENT AGREEMENT REACHED IN THE TRIAL COURT'S CHAMBERS.
Sambol contends that the court was present when the parties reached a valid settlement agreement on December 22, 1999, and that the trial court erred by failing to enforce the terms of that agreement.
"It is axiomatic that a settlement agreement is a contract designed to terminate a claim by preventing or ending litigation and that such agreements are valid and enforceable by either party." Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc. (1996),74 Ohio St.3d 501, 502, citations omitted. Such agreements are highly favored in the law. Id., citations omitted. "The general rule is that a trial court may enforce a settlement that was agreed to by the parties in the presence of the court, regardless of whether it has been reduced to writing." Gibson v. Meadow Gold Dairy (2000), 88 Ohio St.3d 201, 203, citations omitted.
The issue in this case is whether the parties actually reached a settlement. Only the trial judge and the attorneys for the parties were present when the settlement discussions took place. The alleged agreement was reached in chambers, not in open court, and it was neither read into the record nor reduced to writing. Upon being informed of the content of the discussion, Walker immediately rejected the terms of the agreement, and instructed his attorney to seek the filing of a judgment confirming the arbitration award, as prayed for in his complaint.
The trial judge, who was present during the discussion between the attorneys, specifically found that the discussions in chambers did not amount to an enforceable settlement agreement. The trial court also found that Walker's attorney lacked the authority to enter into a settlement agreement regarding the discussions held in chambers. "Absent specific authorization, an attorney has no implied or apparent authority to compromise and settle his client's claims." Garrison v. Daytonian Hotel (1995), 105 Ohio App.3d 322, citation omitted.
This court is being asked to enforce a settlement agreement, the existence of which is not discernable from the record. We have previously stated that the best course of action is to "hold an evidentiary hearing where there is a dispute as to the existence of an agreement." North Hampton Day Care and Learning Center, Inc. v. Ohio Dept. of Human Services (April 4, 1997), Clark App. No. 96-CA-20, unreported. However, in this instance, the trial court was present during the discussions and made findings based upon its personal knowledge of the facts. Therefore, we conclude that the trial court, regardless of its failure to hold a formal hearing on the issue, was in the best position to determine whether the parties entered into an agreement, and we see no reason to overturn its findings in that regard. Accordingly, the Second Assignment of Error is overruled.
 III
Sambol's First Assignment of Error is as follows:
 THE TRIAL COURT MAY NOT CONFIRM AN ARBITRATION AWARD AND ADD INTEREST THERETO UNLESS IT HOLDS A HEARING ON THE ISSUE OF POST-AWARD INTEREST.
Sambol contends that the trial court erred by confirming the arbitration award without first holding a hearing.[2]
Confirmation of arbitration awards is governed by R.C. 2711.09, which provides:
 At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof.
In this case, Walker filed his application for confirmation within a matter of days of the issuance of the arbitration award. Sambol then timely filed her motion to modify the award. Thereafter, but prior to the trial court's entry confirming the award, Sambol voluntarily paid the sums awarded by the arbitration panel. Thus, Sambol essentially rendered moot her motion to modify the award.[3]
Given that Sambol's motion to modify was rendered moot and was otherwise not capable of being granted, the trial court had no discretion with regard to the decision of whether to grant the motion to confirm. See, Warren Edn. Assn. v. Warren City Bd. of Edn. (1985),18 Ohio St.3d 170, syllabus, ("[w]hen a motion is made pursuant to R.C.2711.09 to confirm an arbitration award, the court must grant the motion * * * unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown"); Woods v. Farmers Ins. of Columbus, Inc. (1995), 106 Ohio App.3d 389, 391, ("* * * [A] court does not have discretion under R.C. 2711.09 to deny a party's application for an order confirming an arbitration award, except when the award is vacated, modified, or corrected."). A hearing on the application to confirm would not have changed the outcome; the award would necessarily have been confirmed. Therefore, Sambol's argument in this regard is not well-taken, and the First Assignment of Error is overruled.
 IV
Sambol's Third and Fourth assignments of error are as follows:
 ALTERNATIVELY, IF THIS COURT FINDS THAT THE ARBITRATION AWARD MAY BE CONFIRMED, THE TRIAL COURT ERRED BY GRANTING POST AWARD INTEREST.
 ALTERNATIVELY, IF THE TRIAL COURT DID NOT ERR, AS A MATTER OF LAW, BY GRANTING POST-AWARD INTEREST, THE TRIAL COURT ERRED BY GRANTING POST-AWARD INTEREST ON THE AMOUNT OF THE AWARD PLACED IN ESCROW BY AGREEMENT OF THE PARTIES.
Sambol contends that even if the award was properly confirmed, the trial court erred by granting post-judgment interest on the award. In the alternative, she contends that even if the trial court properly granted post-judgment interest on the arbitration award, it erred by awarding interest on that portion of the monies held in escrow.
R.C. 1343.03 provides for interest under the following circumstances:
 (A) Except as provided in division (C)(2) of this section, in cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, except that, if a written contract provides a different rate of interest in relation to the money that becomes due and payable, the creditor is entitled to interest at the rate provided in that contract.
This provision has been found applicable to arbitration awards by the Sixth, Eighth and Tenth District Court of Appeals. See, Marra Constructors, Inc. v. Cleveland Metroparks Sys. (1993), 82 Ohio App.3d 557,566-567; Erie County Sheriff v. Fraternal Order of Police Ohio Labor Council (July 9, 1993), Erie App. No. E-92-37, unreported; Enyart v. Columbus Metropolitan Area Community Action Organization (Mar. 31, 1998), Franklin App. No. 97APE08-1211, unreported.
We agree. The arbitration award represented a liquidated sum that became due and payable on the date of its issuance. Thus, it is an "instrument of writing * * * for the payment of money arising out of tortious conduct or a contract or other transaction * * *." Therefore, we conclude that the trial court did not err by granting interest on the award. Furthermore, since the awarding, as well as the amount, of post-judgment interest is set by statute, we conclude that the trial court did not err by failing to hold a hearing on Walker's entitlement thereto.
Sambol's Third Assignment of Error is overruled.
Finally, we turn to Sambol's contention that the trial court erred by awarding interest on the portion of the award that had been placed in escrow by agreement of the parties. In support, she appears to argue that the interest rate on the escrow account was lower than the statutory amount awarded by the court. She further appears to argue that since the parties agreed to place monies in an escrow account earning a particular rate of interest, she should not be penalized for the fact that the rate of interest earned on the account was less than the amount of interest provided for by statute.
There is no evidence in the record before us to support or to refute the factual premise for this argument. However, Walker does concede that some sort of adjustment needs to be made in regard to the interest award. This issue is the subject of Sambol's motion for relief from judgment, which may remain pending in the trial court.
In view of Walker's confession of error in the extent of interest awarded, Sambol's Fourth Assignment of Error is sustained.
 V
Sambol's Fourth Assignment of Error having being sustained, and her other assignments of error having been overruled, the judgment of the trial court is Reversed, and this cause is Remanded for reconsideration of the extent of interest to be awarded on the arbitration award.
 ___________________ FAIN, J.
WOLFF, P.J., and YOUNG, J., concur.
[1] It appears from the record that all of the clients to whom the parties provided legal services were involved in medical malpractice lawsuits stemming from surgeries performed by Dr. James Burt.
[2] Issues concerning interest are addressed in Part IV, below.
[3] Even had Sambol's motion not been rendered moot by payment, the motion was properly overruled, since the claimed miscalculation is not clearly apparent on the face of the arbitration award. See, Rathweg Ins. Associates, Inc. v. First Ins. Agency Corp. (Aug. 18, 1992), Montgomery App. No. 13184, unreported.