OPINION
{¶ 1} Plaintiffs Alex and Donna Garcia are appealing from the judgment in conformity with an arbitration award granted by the trial court following its confirmation of the arbitration award upon the motion of defendants Wayne Homes, LLC, et al. The award dismissed all claims of the Garcias against Wayne Homes and awarded Wayne Homes to be paid the sum of $70,889.28 plus interest to be paid by the Garcias. In its combined entry, the court confirmed the arbitration award pursuant to R.C. 2711.09 and granted judgment in conformance with R.C. 2711.12.
 {¶ 2} This case has an extremely convoluted history which it is unnecessary to recite at this time. The sole assignment of error brought by the appellants is that the trial court lacked jurisdiction to confirm the award and enter judgment because this case is presently pending on appeal to the Supreme Court of Ohio, which has not yet accepted it.
 {¶ 3} The appellants cite standard case law in Ohio that when an appeal is pending, the trial court is divested of jurisdiction except to take action in aid of the appeal but, "the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment." Howard v. Catholic SocialServ. of Cuyahoga Cty., Inc. (1994), 70 Ohio St.3d 141, 146.
 {¶ 4} The issue on appeal to the Ohio Supreme Court is whether this Court of Appeals committed error in affirming the decision of the trial court granting a stay of proceedings pending arbitration.
 {¶ 5} Appellees argue that the appellants are simply trying to evade the arbitration award by staying the action of the trial court and that they cannot do this since they have not complied with the Ohio Supreme Court Rules which must be followed to seek a stay. The S.Ct.Prac.R. II, 2(A)(3)(a) provides the mechanism whereby an appellant may seek an immediate stay to a Court of Appeals judgment by filing a motion for such stay contemporaneously with the notice of appeal. No such motion was filed by the appellants.
 {¶ 6} We find that the trial court's judgment confirming the arbitration award and entering judgment thereupon is not inconsistent with either the appellate court powers or the supreme court powers to reverse, modify, or affirm the judgment. In fact, the trial court's entry in this case is plainly a mandated function, as the arbitration award was not attacked on the only grounds provided by statute for such attack, to-wit, R.C. 2711.10 and R.C. 2711.11, which, inter alia, allow the trial court to vacate the award if it was procured by corruption, fraud, undue means, or there was evidence of partiality or corruption on the part of the arbitrator or the arbitrator was guilty of misconduct or exceeded its powers, etc. Lacking any attack by any party to the arbitration award on such statutory grounds, a trial court does not have discretion to deny a party's application for an order confirming the arbitration award, except when the award is vacated, modified, or corrected, and, further, it does not have discretion to refuse to enter judgment in conformity with the arbitration award. R.C. 2711.09 and R.C. 2711.12. Woods v. Farmers Ins.of Columbus, Inc. (1995), 106 Ohio App.3d 389. Thus the trial court not only had jurisdiction to confirm the award and enter judgment upon it, it had no real choice in the matter.
 {¶ 7} The assignment of error is overruled and judgment is affirmed.
FAIN, J. and GRADY, J., concur.